■ SHABAN KAJOSHAJ, Appellant, v CLIFFORD GREENSPAN, Respondent. — Judgment of the Supreme Court, New York County (Scott, J.), entered August 11, 1980, in favor of defendant, after a jury trial, reversed, on the law and in the exercise of discretion, with costs and disbursements of this appeal to abide the event, and the matter remanded for a new trial. Plaintiff-appellant Shaban

Kajoshaj commenced an action for personal injuries sustained by him while he was a passenger on a motorcycle owned and operated by Rifat Aksabanaj, which was involved in a collision at Cortelyou Road and East 7th Street in Brooklyn with a car owned and operated by defendant-respondent Clifford Greenspan. After a jury trial on the matter lasting from January 2 to January 9, 1980, the jury returned a verdict in favor of defendant. On appeal, plaintiff contends, *inter alia*, that the court committed reversible error in excluding the testimony of the police officer who investigated the accident and who prepared and signed the accident report. A police accident report made by a police officer who was not an eyewitness containing hearsay statements regarding the ultimate issues of fact may not be admitted into evidence for the purpose of establishing the cause of the accident in question. (*Murray v Donlan*, 77 AD2d 337.) However, in the instant case, the court, after conducting a *voir dire* of the officer in the absence of the jury, refused to allow the plaintiff to call him as a witness. While it is true that the police officer may not have had any personal knowledge with respect to statements made to him at the scene of the accident, his testimony would have been both relevant and probative as to the position of the vehicles when he arrived, the extent and location of damage sustained by the two vehicles, the physical description of the intersection and adjacent area, the presence or absence of witnesses, and other circumstances surrounding the accident. In *Murray v Donlan, (supra)*, the police officer had been called by the plaintiffs, but the validity of his testifying was never at issue, merely the admissibility of the accident report itself. Clearly, it is error for a court to preclude a party to an action from putting on the stand a competent witness who possesses information relevant to such action, unless there is some specific rule which forbids introduction of that particular evidence (see *Ando v Woodberry*, 8 NY2d 165). If in the course of the police officer's interrogation, he were to be asked questions the answers to which would be based upon hearsay, then the court could take appropriate steps to limit the scope of the testimony. To exclude that witness entirely, however, constitutes an abuse of discretion. Concur — Kupferman, J. P., Fein and Milonas, JJ.

Lupiano and Bloom, JJ., dissent in a memorandum by Lupiano, J., as follows: The majority upset the jury verdict and judgment herein solely because the trial court refused to allow the plaintiff to call the police officer who made the police accident report and who was not an eyewitness to the accident. We are all agreed that the police accident report was properly not admitted into evidence and that the other issues raised by plaintiff-appellant are without merit. Error is perceived by the majority in that the officer was not permitted to testify as to his own personal observations at the accident scene, to wit, the location and condition of the vehicles and the physical aspects of the accident scene. While the refusal to allow the officer to so testify is error, it is harmless in the context of the record herein. Respecting the physical aspects of the accident scene, the officer's testimony is merely cumulative. Further, the officer had no independent recollection of the accident, the setting and the participants and so testified. Plaintiff failed to demonstrate the materiality of the officer's testimony in his offer of proof. Accordingly, we conclude that the judgment in defendant's favor should be affirmed.