■ KAREN SZCZOTKA, Appellant, v CONRAD ADLER, Respondent. [737 NYS2d 121] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kitson, J.), dated March 5, 2001, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff was traveling southbound on Mill Road in Riverhead, while the defendant was traveling westbound on Hinda Boulevard. At the intersection of Mill Road and Hinda Boulevard a stop sign governs westbound traffic on Hinda Boulevard. As the plaintiff crossed Hinda Boulevard, on Mill Road, the defendant struck her vehicle.

The plaintiff moved for summary judgment on the issue of liability asserting that the defendant failed to stop at the stop sign. In opposition, the defendant asserted that he did stop at the stop sign and that the plaintiff must have been speeding.

Regardless of whether the defendant stopped at the stop sign, the plaintiff established that the defendant violated Vehicle and Traffic Law § 1142 (a), by failing to yield the right of way to her. The plaintiff was, at a minimum, "approaching so closely * * * as to constitute an immediate hazard" to the defendant as he drove through the Mill Road and Hinda Boulevard intersection (see, Vehicle and Traffic Law § 1142 [a]).

The defendant's speculation that the plaintiff must have been speeding because he did not see her when he looked in her direction is insufficient to raise a triable issue of fact (see, CPLR 3212 [f]; Borst v Sunnydale Farms, 258 AD2d 488; Frierson v Concourse Plaza Assoc., 189 AD2d 609). Furthermore, the defendant failed to establish that additional discovery would yield any facts indicating the plaintiff was at fault and justify denying her motion (see, CPLR 3212 [f]). Therefore, the plaintiff is entitled to summary judgment on the issue of liability. Santucci, J.P., Feuerstein, Goldstein and Schmidt, JJ., concur.