■ PATRICIA M. MURCHISON, Respondent, v CHRISTOPHER J. INCOGNOLI et al., Appellants. [773 NYS2d 299]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered on or about June 20, 2003, which denied defendants' motion pursuant to CPLR 3212 for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

The parties' motor vehicle collision occurred at a "T" intersection in Bronx County where Baretto Street ended at Lafayette Avenue. Plaintiff's vehicle, in the middle lane, stopped at the stop sign at the end of Baretto Street. She proceeded to turn left onto Lafayette Avenue immediately after the car in the left lane, next to her, also turned left. Plaintiff admitted that her view was obstructed by the car turning from the left lane and that she failed to see defendant's pickup truck. It is established that defendant, driving along Lafayette Avenue, had the right of way under Vehicle and Traffic Law § 1142; plaintiff's assertion that defendant had a stop sign has been completely refuted. "[A]n operator who has the right of way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield" (*Namisnak v Martin*, 244 AD2d 258, 260 [1997] [citations omitted]; *see Perez v Brux Cab Corp.*, 251 AD2d 157, 159-160 [1998]). Since plaintiff offered no evidence to rebut the presumption of negligence arising from her failure to yield the right of way to defendant's vehicle, defendant was entitled to summary judgment (*see Smalley v McCarthy*, 254 AD2d 478, 478-479 [1998]; *Yusupov v Lugo*, 305 AD2d 496, 496 [2003]; *Breslin v Rudden*, 291 AD2d 471 [2002], *lv denied* 98 NY2d 605 [2002]). Plaintiff's bare speculation that defendant driver was "going fast" is insufficient to create an issue of fact requiring trial (*see Szczotka v Adler*, 291 AD2d 444 [2002]). Concur—Nardelli, J.P., Mazzarelli, Saxe and Lerner, JJ.