■ JOHN GANDOLFO, Respondent, v FRANCIS X. DEMASI, Defendant, and PATRICK J. DUNNING et al., Appellants. [813 NYS2d 527]—

In an action to recover damages for personal injuries, the defendants Patrick J. Dunning and Noreen P. Dunning appeal from an order of the Supreme Court, Nassau County (McCarty, J.), dated September 15, 2005, which granted the plaintiff's motion pursuant to CPLR 4404 to set aside a jury verdict in their favor on the issue of liability, and for a new trial.

Ordered that the order is affirmed, with costs.

On May 19, 2000 the plaintiff was a passenger in a vehicle owned by the defendant Noreen P. Dunning and operated by the defendant Patrick J. Dunning (hereinafter Dunning) on the Robert Moses Causeway. The plaintiff and Dunning were coworkers on a bridge reconstruction project on the causeway. On their way to lunch, Dunning drove across the causeway, and was struck in the rear and the rear driver's side of the vehicle by a vehicle operated by the defendant Francis X. DeMasi.

The causeway had two southbound lanes, a large grassy median, and two northbound lanes. Before making a turn from the southbound lanes into the northbound lanes of the causeway, Dunning looked to his left and saw no traffic in the southbound lanes, and looked to his right, where his view was obstructed by

a tree. The impact occurred when Dunning was traveling in the right northbound lane. Dunning testified that he did not see DeMasi's vehicle before the impact.

The jury was instructed that a driver has a "duty to see that which, under the facts and circumstances, he should have seen by the proper use of his senses," and that a driver crossing the roadway was required to yield the right-of-way pursuant to Vehicle and Traffic Law § 1143. The jury found that Dunning was not negligent.

The plaintiff moved to set aside the verdict as contrary to the weight of the credible evidence. The trial court granted the motion, finding that Dunning was negligent in either failing to yield the right-of-way in accordance with Vehicle and Traffic Law § 1143 or in failing to see that which, under the facts and circumstances, he should have seen by employing the use of his senses. We affirm.

Vehicle and Traffic Law § 1143 provides that the driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right-of-way to all vehicles approaching on the roadway to be entered or crossed. The fact that Dunning's view was obstructed was not justification for his failure to yield the right-of-way (*see Murchison v Incognoli*, 5 AD3d 271 [2004]). Dunning proceeded into the furthest, right northbound lane and admittedly failed to see DeMasi's vehicle at any time before the impact, thereby failing to see what was he should have seen by employing the use of his senses. Further, Dunning had no right to proceed into the furthest, right northbound lane until it was reasonably safe to do so.

Under the circumstances, it cannot be said that the jury's verdict was based upon any fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129, 133 [1985]). Goldstein, J.P., Luciano, Rivera and Fisher, JJ., concur.