PETER V. PACE, JR., et al., Respondents, v BRANDON ROBINSON, Appellant. [930 NYS2d 581]—

Plaintiffs established their entitlement to judgment as a matter of law on the issue of liability, and in opposition, defendant failed to raise a triable issue of fact. Defendant's own uncontroverted testimony, stating that he approached a stop sign and then failed to yield the right of way to plaintiff Peter Pace as he was riding his motorcycle, established defendant's negligence as a matter of law based on his violation of Vehicle and Traffic Law § 1142 (a) (*see Murchison v Incognoli*, 5 AD3d 271 [2004]). Defendant's argument that Pace was comparatively negligent is unavailing. "[I]t is not plaintiff's burden to establish defendants' negligence as the sole proximate cause of his injuries in order to make out a prima facie case of negligence" (*Tselebis v Ryder Truck Rental, Inc.*, 72 AD3d 198, 200 [2010]). In any event, on this record, there is a lack of evidence of comparative fault on the part of Pace. Concur—Mazzarelli, J.P., Moskowitz, Acosta and Renwick, DeGrasse JJ.