■ Letitia Cadeau, Individually and as Mother and Natural Guardian of Jayson Cadeau, an Infant, Appellant, et al., Plaintiff, v Lindsay Gregorio, Respondent, and Dennis Tyne, Appellant. [961 NYS2d 106]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered February 23, 2012, which, to the extent appealed from as limited by the briefs, granted defendant Gregorio's motion for summary judgment dismissing the complaint as against her, unanimously affirmed, without costs.

Defendant Gregorio made a prima facie showing that she was not negligent by submitting evidence that, within "[f]raction of seconds" of her seeing it in the left-turn lane on the opposite side of the intersection, the vehicle operated by defendant Tyne made a left turn across the path of her oncoming vehicle and

that she applied her brakes "[v]ery hard" but could not avoid the collision (*see* Vehicle and Traffic Law § 1141; *Moreback v Mesquita*, 17 AD3d 420 [2d Dept 2005]; *Welch v Norman*, 282 AD2d 448 [2d Dept 2001]; *Stiles v County of Dutchess*, 278 AD2d 304, 305 [2d Dept 2000]). Tyne and the injured plaintiff, who was traveling in Tyne's vehicle, failed to raise an issue of fact in opposition, since their contention that Gregorio was traveling at an excessive speed or otherwise failed to avoid the accident was unsupported by any evidence (*see Batista v Rivera*, 5 AD3d 308 [1st Dept 2004]; *Murchison v Incognoli*, 5 AD3d 271 [1st Dept 2004]). Concur—Sweeny, J.P., Moskowitz, Abdus-Salaam, Román and Feinman, JJ.