■ Jose Ramon Martinez, Respondent, v Robert Cofer et al., Appellants. [8 NYS3d 212]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered March 31, 2014, which granted plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

The accident giving rise to plaintiff's claim involved an intersection collision between plaintiff's vehicle, which was

traveling on a highway that was not regulated by any traffic control device, and defendants' vehicle, which had come to a stop at a stop sign and then entered the intersection. Since plaintiff had the right-of-way (Vehicle and Traffic Law § 1142), he was "entitled to anticipate that other vehicles would obey the traffic laws that require them to yield" (*Namisnak v Martin*, 244 AD2d 258, 260 [1st Dept 1997]; *see Jordan v City of New York*, 12 AD3d 326 [1st Dept 2004]). A "presumption of negligence" arises from the failure of a driver at a stop sign "to yield the right of way" to the vehicle on the highway (*Murchison v Incognoli*, 5 AD3d 271, 271 [1st Dept 2004]). Defendants did not raise an issue of fact as to plaintiff's comparative negligence based on defendant Cofer's "bare speculation" that plaintiff must have been speeding because Cofer did not see plaintiff's car before they collided (*id.*; *see also Cadeau v Gregorio*, 104 AD3d 464 [1st Dept 2013]; *Szczotka v Adler*, 291 AD2d 444 [2d Dept 2002]; *compare Nevarez v S.R.M. Mgt. Corp.*, 58 AD3d 295, 296 [1st Dept 2008] [passenger saw other vehicle approaching "mad fast" prior to heavy impact]).

Plaintiff's statement that he may have been driving five miles over the posted speed limit of 30 miles per hour was insufficient to raise an issue of fact as to comparative negligence since there is no evidence that it could have contributed to the collision (*see Heltz v Barratt*, 115 AD3d 1298 [4th Dept 2014], *affd* 24 NY3d 1185 [2014]; *Daniels v Rumsey*, 111 AD3d 1408, 1410 [4th Dept 2013]). We note that the police accident report submitted by defendants in opposition to the motion supports plaintiff's claim that his car was broadsided by defendants' van, not the other way around. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Kapnick, JJ.