■ MARIA MAYSONET et al., Appellants, v EAN HOLDINGS, LLC, et al., Defendants, and CORNELIUS M. COOPER et al., Respondents. [27 NYS3d 30]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered June 23, 2014, which granted the motion of defendants Cooper and Sharma-Cooper for summary judgment dismissing the complaint and any cross claims as against them, unanimously affirmed, without costs.

After driving up from Florida overnight as a passenger in a rental car driven by defendant Rivera, plaintiff was seriously injured when Rivera's car turned left from Broadway onto 120th Street, and was struck by defendant Sharma-Cooper's oncoming car. The Cooper defendants demonstrated prima facie that Rivera was negligent through the deposition testimony of both drivers, which established that, in violation of Vehicle and Traffic Law § 1141, Rivera failed to yield the right of way to Sharma-Cooper, who had a green light in her favor and was "within the intersection or so close as to constitute an immediate hazard," when he made the left turn (*see Foreman v Skeif*, 115 AD3d 568 [1st Dept 2014]; *Cadeau v Gregorio*, 104 AD3d 464, 465 [1st Dept 2013]).

Contrary to plaintiffs' contention that Rivera's testimony raised an issue of fact as to whether he had a green light in his favor after he turned, Rivera's testimony was clear that he had a green light while driving south down Broadway, did not notice any traffic signal after he turned at 120th Street, and proceeded to cross oncoming traffic without stopping. Since both drivers testified that they had green lights in their favor while driving on Broadway, Sharma-Cooper had the right to assume that the light was red for cross traffic and that other drivers would stop for the red light (*Siegel v Sweeney*, 266 AD2d 200, 201 [2d Dept 1999], citing PJI 2:79).

Sharma-Cooper's testimony also established the absence of any triable issue of fact as to her negligence. She testified that she had been driving within the speed limit and immediately slammed on her brakes when she saw Rivera's car "flash" in front of her, but could not avoid the accident that occurred within a second later (*see Foreman v Skeif; Cadeau v Gregorio*). Plaintiff submitted no evidence that would support a finding that Sharma-Cooper could have avoided the accident or was negligently operating her vehicle (*id.*). Concur—Tom, J.P., Andrias, Saxe and Kapnick, JJ.