■ JEFFREY TAVAREZ, Respondent, v FELIX MANUEL CASTILLO HERRASME et al., Appellants. [31 NYS3d 871]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered January 13, 2015, which granted plaintiff's motion for partial summary judgment on liability, unanimously affirmed, without costs.

The evidence plaintiff submitted in support of his motion for summary judgment established his prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Plaintiff's affidavit stating that the rear door of defendants' vehicle "opened without warning" and struck the left side of his vehicle established that defendant driver violated Vehicle and Traffic Law § 1214, and that plaintiff was unable to avoid the accident (*see Montesinos v Cote*, 46 AD3d 774 [2d Dept 2007]; *Williams v Persaud*, 19

AD3d 686, 686-687 [2d Dept 2005]). Plaintiff also submitted an affidavit of the police officer who prepared the accident report, which contained defendant driver's admissions that the rear door swung open wider than normal, causing plaintiff to strike it, and his statement that the door was blown open by the wind.

In opposition, defendants failed to submit evidence sufficient to raise an issue of fact as to whether defendant driver violated Vehicle and Traffic Law § 1214, or whether plaintiff could have avoided the accident.

Summary judgment was not granted prematurely, since defendants did not show that discovery was necessary to avoid summary judgment (see CPLR 3212 [f]). The "mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient" to deny such a motion (Flores v City of New York, 66 AD3d 599, 600 [1st Dept 2009]; Neryaev v Solon, 6 AD3d 510, 510 [2d Dept 2004]). Concur—Friedman, J.P., Renwick, Andrias, Gische and Webber, JJ.