■ MARGIE REVELS, Appellant, v RONALD W. SCHOEPS, JR., Defendant, and SHERMAN AVENUE SIX, INC., et al., Respondents. [33 NYS3d 721]—

Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered October 9, 2014, which, to the extent appealed from as limited by the briefs, granted the cross motion of defendants Sherman Avenue Six Inc. and Reynaldo Mendoza for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Defendants established their entitlement to judgment as a

matter of law. Defendants submitted, inter alia, the testimony of defendant Mendoza that, with plaintiff as his passenger, he was crossing the intersection at a moderate speed with the green light in his favor, when codefendant Schoeps, who was traveling in the opposite direction, suddenly turned across the intersection in front of him while attempting to make a left turn. Mendoza's testimony indicated that he was already in, or very nearly in, the intersection when Schoeps suddenly turned left, and that although he applied the brakes, he was unable to avoid the collision (*see e.g. Foreman v Skeif*, 115 AD3d 568 [1st Dept 2014]).

In opposition, plaintiff failed to raise a triable issue of fact. She argued to the motion court that it was undisputed that Mendoza saw Schoeps's vehicle prior to the collision, yet she did not come forward with evidence indicating that Mendoza had a reasonable opportunity to avoid the collision (*compare Raposo v Raposo*, 250 AD2d 420 [1st Dept 1998]). Plaintiff's argument that Mendoza failed to reduce his speed when passing through the intersection was conclusory and unsupported (*see Foreman* at 569), and at his deposition, Schoeps conceded that he simply did not see Mendoza's car before attempting a left turn, and that his view of oncoming traffic was obscured. The unsworn police accident report was hearsay evidence and insufficient to defeat the cross motion (*see Kajoshaj v Greenspan*, 88 AD2d 538 [1st Dept 1982]).

We have considered plaintiff's remaining arguments, including that defendants' cross motion should not have been considered since it was a successive motion for summary judgment, and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Moskowitz, Gische and Gesmer, JJ.