■ ARTURO AGUILA, Appellant, v JOSE D. BENITEZ et al., Respondents. [67 NYS3d 196]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about July 25, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants met their prima facie burden of demonstrating plaintiff's negligence. Defendants submitted the deposition testimony of both drivers, which established that the accident occurred when plaintiff attempted to make a left turn from the right-hand lane of the Cross Bronx Expressway service road, in violation of Vehicle and Traffic Law § 1160 (c), and struck the side of defendants' vehicle as it was lawfully driving through the intersection (*see Maysonet v EAN Holdings, LLC*, 137 AD3d 517 [1st Dept 2016]; *Foreman v Skeif*, 115 AD3d 568 [1st Dept 2014]; *Mora v Garcia*, 3 AD3d 478 [2d Dept 2004]). Further, plaintiff admitted that he did not turn on his left-turn signal until right before he started the turn and that he did not see defendants' vehicle to his left until he struck it.

Defendant driver's testimony established his lack of comparative fault. He testified that he was driving within the speed limit, with the traffic light in his favor, and could not avoid the accident since his vehicle was ahead of plaintiff's vehicle when plaintiff's vehicle hit the side of his vehicle. In opposition, plaintiff failed to submit anything other than conclusory and speculative assertions, and thus failed to raise a triable issue of fact as to defendant driver's comparative negligence (*see Revels v Schoeps*, 140 AD3d 661, 662 [1st Dept 2016], *lv denied* 28 NY3d 911 [2016]; *Foreman*, 115 AD3d at 569; *Mora*, 3 AD3d at 479). Concur—Tom, J.P., Friedman, Renwick, Kahn and Kern, JJ.