Gonzalez v Bishop (2018 NY Slip Op 00095)





Gonzalez v Bishop


2018 NY Slip Op 00095


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


5384 20630/14E

[*1]Lacole Gonzalez, Plaintiff-Respondent,
v
Vernessa Bishop,, Defendant-Appellant, Andres Pulinario, Defendant-Respondent, Rufino Polanco, Defendant.


Keane & Bernheimer PLLC, Valhalla (Connor W. Fallon of counsel), for appellant.
The Law Offices of Joseph Monaco, P.C., New York (Joseph D. Monaco, III of counsel), for Lacole Gonzalez, respondent.
Saretsky Katz & Dranoff, L.L.P., New York (Jonah S. Zweig of counsel), for Andres Pulinario, respondent.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered February 3, 2017, which denied defendant Bishop's motion for summary judgment dismissing the complaint as against her, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly. Contrary to plaintiff's argument, a prior court decision granting plaintiff's motion for summary judgment did not find that defendant Bishop was negligent in connection with the motor vehicle collision, because plaintiff, who was a passenger in Pulinario's vehicle, was granted summary judgment only "to the extent that plaintiff is deemed free of culpable conduct."
Bishop met her prima facie burden for summary judgment by demonstrating that Pulinario was negligent as a matter of law, and that Bishop was not negligently operating her vehicle. Bishop and plaintiff testified that Pulinario failed to stop for a stop sign, which is a violation of Vehicle & Traffic Law §§ 1142(a) and 1172(a), which constitutes negligence as a matter of law (see Pace v Robinson, 88 AD3d 530, 531 [1st Dept 2011]; see e.g. Sanchez v Lonero Tr., Inc., 100 AD3d 417 [1st Dept 2012]). Bishop, who had the right of way, was " entitled to anticipate that other vehicles will obey the traffic laws that require them to yield,' and ha[d] no duty to watch for and avoid a driver who might fail to stop . . . at a stop sign'" (Dinham v Wagner, 48 AD3d 349, 349-350 [1st Dept 2008] [citations omitted]).
Although a driver lawfully entering an intersection may still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection (Nevarez v S.R.M. Mgt. Corp., 58 AD3d 295, 298 [1st Dept 2008]), plaintiff and Pulinario failed to raise a triable material issue of fact as to whether Bishop was negligent. The evasive measures that Bishop took during the less than three seconds before impact did not constitute negligence, "under the emergency-like circumstances confronting her" (Garcia v Verizon N.Y., Inc., 10 AD3d 339, 340 [1st Dept 2004]; Rooney v Madison, 134 AD3d 634, 634-635 [1st Dept 2015], lv denied 27 NY3d 911 [2016]).
Plaintiff's and Pulinario's contention that Bishop was speeding was speculative and conclusory (see Murchison v Incognoli, 5 AD3d 271 [1st Dept 2004]; Cardona v Fiorentina, 149 [*2]AD3d 495 [1st Dept 2017]).
We have considered respondents' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK