Estate of Bachman v Hong (2019 NY Slip Op 00977)





Estate of Bachman v Hong


2019 NY Slip Op 00977


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Sweeny, J.P., Tom, Webber, Kahn, Kern, JJ.


8354 157050/17

[*1]Estate of Linda A. Bachman, by Cynthia Charles, as Executrix, Plaintiff-Appellant,
v
Edna Hong, Defendant-Respondent.


Bernstein & Bernstein, White Plains (Walter L. Rich of counsel), for appellant.
Cartiglia, Connolly & Russo, Garden City (Joseph T. Belevich of counsel), for respondent.



Order, Supreme Court, New York County (Adam Silvera, J.), entered March 14, 2018, which denied plaintiff Linda Bachman's motion for partial summary judgment on the issues of defendant's liability and the serious injury threshold of Insurance Law § 5102(d), unanimously modified, on the law, to grant the motion on the issue of defendant's liability, and otherwise affirmed, without costs.
In this action arising from a motor vehicle accident, plaintiff established prima facie entitlement to partial summary judgment against defendant on the issue of liability, by submitting her affidavit averring that, at the time of the accident, she was a passenger in a car driven by defendant, and that defendant caused the accident by failing to stop at a steady red light at an intersection and hitting a second vehicle (see Uribe v Pronto Gas Heating Supplies, Inc., 129 AD3d 509, 509 [1st Dept 2015]; Pace v Robinson, 88 AD3d 530, 531 [1st Dept 2011]. In opposition, defendant did not submit any affidavit or other evidence concerning how the accident occurred that would raise an issue of fact. Her speculation that the other driver could also have been at fault is insufficient to deny plaintiff's motion for summary judgment against defendant, given the uncontested showing of negligence (see Martinez v Cofer, 128 AD3d 421, 422 [1st Dept 2015]). Although discovery had not yet been taken, the motion was not premature as to liability because defendant, as the driver, has knowledge of how the accident occurred and did not show any need for discovery on that issue (see Delgado v Martinez Family Auto, 113 AD3d 426, 427 [1st Dept 2014]; Johnson v Phillips, 261 AD2d 269, 270, 272 [1st Dept 1999]; CPLR 3212[f]).
On the other hand, plaintiff failed to meet her prima facie evidence on the serious injury issue because she neglected to submit admissible evidence supporting her allegation that she suffered a fractured finger and sternum (CPLR 3212[a]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Although plaintiff's hospital records were submitted on reply, that did not provide defendant with any opportunity to submit medical evidence in opposition or to address whether the records supported the injuries alleged in the complaint. Further, the motion was premature because defendant had not received those documents or conducted any discovery [*2]on the serious injury issue before the motion was made (see Cruz v Skeritt, 140 AD3d 554, 555 [1st Dept 2016]; Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 103 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK