Smith v City of New York (2020 NY Slip Op 00348)





Smith v City of New York


2020 NY Slip Op 00348


Decided on January 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2020

Friedman, J.P., Richter, Kern, Singh, JJ.


10786 154726/13

[*1] Anthony Smith, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents.


Parker Waichman, LLP, Port Washington (Jay L.T. Breakstone of counsel), for appellant.
Russo & Toner, LLP, New York (Lee-David Weiner of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about October 5, 2017, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established their prima facie entitlement to judgment as a matter of law by showing that Vehicle and Traffic Law § 1214 was violated when the passenger in plaintiff's parked car opened the door into oncoming traffic when it was not safe to do so (see Tavarez v Castillo Herrasme, 140 AD3d 453 [1st Dept 2016]; see also Perez v Steckler, 157 AD3d 445 [1st Dept 2018]).
In opposition, plaintiff failed to raise a triable issue of fact as to whether defendant bus driver was negligent in failing to see what was there to be seen in that plaintiff did not dispute that his passenger opened the door into oncoming traffic prior to the collision. Plaintiff's testimony that the passenger was in the process of closing the door when it was struck was insufficient to raise a triable issue of fact since he was unable to state how far the door was open at impact. Plaintiff's argument that his vehicle sustained damage to the right front bumper from the collision, which could not have occurred if the bus driver's account of the accident was accurate, is unavailing. Plaintiff did not submit photographs of his vehicle or testimony from the passenger to support his theory that the bus struck his car as well as the door, and the photographs of the bus are consistent with the bus driver's testimony.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2020
CLERK