Lugo v Daytona Auto Sales, Inc. (2020 NY Slip Op 03199)





Lugo v Daytona Auto Sales, Inc.


2020 NY Slip Op 03199


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Renwick, J.P., Gische, Webber, Oing, Moulton, JJ.


11620 25583/15E

[*1] Yahaira Lugo, Plaintiff-Appellant,
v
Daytona Auto Sales, Inc., Defendant, Ramy A. Alsadi, Defendant-Appellant, Evergreen Mechanical Corp., et al., Defendants-Respondents.


Ogen & Sedaghati, P.C., New York (Eitan Alexander Ogen of counsel), for Yahaira Lugo, appellant.
Law Office of Brian Rayhill, Elmsford (Jonathan R. Walsh of counsel), for respondents.



Order, Supreme Court, Bronx County (Shawndya L. Simpson, J.), entered July 5, 2019, which granted defendants Evergreen Mechanical Corp. and Alexander Vega's (collectively, the Vega defendants) motion for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs.
This action arises from a collision between the Vega defendants' automobile, in which plaintiff was a passenger, and a vehicle driven by defendant Ramy S. Alsadi. The Vega defendants established prima facie entitlement to judgment as a matter of law. Their evidence, as a whole, demonstrates that the cause of the accident was the negligence of Alsadi, who failed to obey the stop sign at the intersection, and who testified that his view of the intersection was obstructed. The Vega defendants' vehicle had the right of way (Vehicle and Traffic Law § 1142[a]) and was therefore "entitled to anticipate that other vehicles will obey the traffic laws that require them to yield" (Namisnak v Martin, 244 AD2d 258, 260 [1st Dept 1997]).
In opposition, plaintiff and codefendant failed to raise an issue of fact to rebut the presumption of negligence arising from Alsadi's failure to yield the right of way to the Vega defendants' vehicle, or to demonstrate that any negligence on Vega's part contributed to the accident, the Vega defendants were entitled to summary judgment (see Martinez v Cofer, 128 AD3d 421, 422 [1st Dept 2015]; Murchison v Incognoli, 5 AD3d 271, 271 [1st Dept 2004]). Furthermore, plaintiff's contention that the Vega defendants' vehicle may have been driving over the posted speed limit was insufficient to raise an issue of fact as to comparative negligence
since there is no evidence that it could have contributed to the collision (see Martinez, 128 AD3d at 422).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK