McCants v Franchi (2021 NY Slip Op 01233)





McCants v Franchi


2021 NY Slip Op 01233


Decided on March 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 02, 2021

Before: Gische, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 155252/14 158126/14 Appeal No. 13243 Case No. 2020-04440 

[*1]Tameka McCants, Plaintiff-Respondent,
v
Joseph Franchi Jr., etc., et al., Defendants-Appellants. [And Another Action]


Cozen O'Connor, New York (Eric J. Berger of counsel), for appellants.
Greenberg Law P.C., New York (Joseph P. DePaola of counsel), for respondent.



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered on or about April 24, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability against defendants Joseph Franchi Jr. and Roosevelt Island Operating Corporation, unanimously affirmed, without costs.
Plaintiff made a prima facie showing that defendants were negligent as a matter of law, by demonstrating that defendants' bus proceeded into the intersection after stopping at a stop sign, but without yielding the right-of-way to plaintiff's bus, in violation of Vehicle and Traffic Law §§ 1142(a) and 1172(a) (see Pace v Robinson, 88 AD3d 530, 531 [1st Dept 2011]; Williams v Hayes, 103 AD3d 713, 713-714 [2d Dept 2013]). Defendant Franchi testified that the accident happened after he turned his bus right to proceed southbound on Main Street and partially entered the northbound lane to complete the turn, while he was looking to the left, which was not the direction he was turning his bus, and did not see that plaintiff's bus was in the northbound lane until after the two buses had collided (see Salamone v Barenbaum, 281 AD2d 199 [1st Dept 2001]). Plaintiff, as the driver with the right-of-way, was entitled to anticipate that Franchi would obey traffic laws that required him to yield, and the question as to whether she was comparatively negligent by driving too fast or not sounding her horn before the impact does not preclude partial summary judgment in her favor on the issue of liability (see Ayala v Pascarelli, 168 AD3d 613, 614 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2021