St-Cyr v New York City Tr. Auth. (2021 NY Slip Op 03118)





St-Cyr v New York City Tr. Auth.


2021 NY Slip Op 03118


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Index No. 451113/16E Appeal No. 13829 Case No. 2020-03545 

[*1]Muller-St-Cyr, Jr., Plaintiff-Appellant,
v
New York City Transit Authority et al., Defendants-Respondents.


Elefterakis, Elefterakis & Panek, New York (Michael S. Marron of counsel), for appellant.
Barry Montrose, P.C., New York (Barry Montrose of counsel), for respondents.



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered on or about January 28, 2020, which, to the extent appealed from as limited by the briefs, granted defendants New York City Transit Authority, New York City Transit Authority Division of Paratransit, Maggies Paratransit Corp. and Sasha Jacquelyn Barclift's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for leave to amend his bill of particulars, unanimously affirmed, without costs.
Defendants established prima facie that the collision between their van and plaintiff's vehicle was caused by plaintiff, who improperly pulled his vehicle into a bus stop and up to a red traffic light next to their stationary van, on a roadway that was designated for one lane of moving traffic, and failed to yield the right of way to the van when the light changed (see Martinez v Cofer, 128 AD3d 421 [1st Dept 2015]). Plaintiff failed to raise an issue of fact in opposition.
Plaintiff waived his hearsay objections to the photographs submitted by defendants by failing to object before the motion court and, further, by relying on them in support of his own motion (see Thompson-Shepard v Lido Hall Condominiums, 168 AD3d 614 [1st Dept 2019]).
In view of the foregoing, plaintiff's appeal from the denial of his motion to amend is moot.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021