Garcia v BLS Limousine Serv. of N.Y., Inc. (2021 NY Slip Op 06653)





Garcia v BLS Limousine Serv. of N.Y., Inc.


2021 NY Slip Op 06653


Decided on November 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 30, 2021

Before: Renwick, J.P., Mazzarelli, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 155102/18 Appeal No. 14702 Case No. 2020-04195 

[*1]Enrique Garcia, Plaintiff-Respondent,
v
BLS Limousine Service of New York, Inc. et al., Defendants-Appellants.


Mauro Lilling Naparty LLP, Woodbury (Kathryn M. Beer of counsel), for appellants.
Ginarte Gallardo Gonzalez Winograd, LLP, New York (Joel Celso of counsel), for respondent.



Order, Supreme Court, New York County (Lisa A. Headley, J.), entered October 2, 2020, which granted plaintiff's motion for summary judgment as to liability, unanimously affirmed, without costs.
Plaintiff established prima facie that defendant driver violated Vehicle and Traffic Law § 1214 by opening the door of his vehicle when it was not safe to do so and striking plaintiff's bicycle (see Rincon v Renaud, 186 AD3d 1551 [2d Dept 2020]; Tavarez v Castillo Herrasme, 140 AD3d 453 [1st Dept 2016]). The driver testified that he opened the door on the side of the vehicle adjacent to moving traffic without looking for oncoming vehicles. Furthermore, plaintiff testified that he had no time to take evasive action before the door of the vehicle struck him (see Perez v Steckler, 157 AD3d 445 [1st Dept 2018]; see also Sanchez v Oxcin, 157 AD3d 561, 563-564 [1st Dept 2018]).
In opposition, defendants failed to raise an issue of fact as to whether defendant driver violated Vehicle and Traffic Law § 1214 or to offer a nonnegligent explanation for the accident (see Steigelman v Transervice Lease Corp., 145 AD3d 439, 440 [1st Dept 2016]; Tavarez, 140 AD3d at 453-454). Defendants' assertion that plaintiff was traveling at a high rate of speed before the contact or was too close to their vehicle before the accident is speculative. In any event, comparative negligence is not a defense to a prima facie case but would only affect the amount of damages plaintiff could otherwise recover (see Rodriguez v City of New York, 31 NY3d 312, 317-318 [2018]; Silverio v Ford Motor Co., 183 AD3d 470, 471 [1st Dept 2020]). The uncertified police accident report prepared by an officer who did not witness the accident is not admissible for the purpose of establishing the cause of the accident (see Kajoshaj v Greenspan, 88 AD2d 538 [1st Dept 1982]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2021