Batista v Metropolitan Transp. Auth. (2022 NY Slip Op 06419)

Batista v Metropolitan Transp. Auth.

2022 NY Slip Op 06419

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Manzanet-Daniels, J.P., Webber, Mazzarelli, Friedman, Shulman, JJ. 

Index No. 154553/18 Appeal No. 16653 Case No. 2021-4429 

[*1]Emmanuel Batista, Plaintiff-Respondent,
v
Metropolitan Transportation Authority, et al., Defendants-Appellants.

Anna J. Ervolina, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Mitchell Dranow, Sea Cliff, for respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about October 8, 2021, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff alleges that defendant bus driver was negligent in striking the rear corner of his vehicle when he made a left turn in front of the bus. Although plaintiff testified at his deposition that the bus was halfway down the block when he started to make the left turn, that testimony is contradicted by surveillance video from the bus, which confirms the bus driver's testimony that the bus had entered the intersection with a green light in its favor when plaintiff started to make the turn. The video, which was properly authenticated, demonstrates that plaintiff's testimony is incorrect, and thus does not raise a credibility issue for trial (see Carthen v Sherman, 169 AD3d 416, 417 [1st Dept 2019]). The video and the bus driver's testimony establish that plaintiff failed to yield the right of way, in violation of Vehicle and Traffic Law § 1141, and therefore was negligent per se (see Rohn v Aly, 167 AD3d 1054, 1056 [2d Dept 2018]; Ciraldo v County of Westchester, 147 AD3d 813, 813 [2d Dept 2017]).
As for defendant bus driver's comparative negligence, he testified that he was scanning traffic as he entered the intersection. The bus driver was entitled to anticipate that plaintiff "would obey the traffic law which required him to yield" (Fenster v Ellis, 71 AD3d 1079, 1081 [2nd Dept 2010]). The driver's deposition transcript, as well as the video surveillance footage of the accident, demonstrated prima facie that defendant driver was not comparatively negligent for failing to avoid the accident, as he had only seconds to react (see Rohn, 167 AD3d at 1056). In opposition, plaintiff did not offer any evidence as to what the bus driver could have done to avoid the accident or that he was negligently operating the bus, and speculative assertions are insufficient to raise an issue of fact (see Cardona v Fiorentina, 149 AD3d 495 [1st Dept 2107]; Maysonet v EAN Holdings, LLC, 137 AD3d 517, 518 [1st Dept 2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022