| Myrie v New York City Tr. Auth. |
|:---:|
| 2024 NY Slip Op 32944(U) |
| August 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152133/2023 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  HON. RICHARD TSAI                          PART         21

_Justice_

------------------------------------------------------------------------X

JOEL MYRIE,

Plaintiff,

- v -

NEW YORK CITY TRANSIT AUTHORITY, MTA BUS
COMPANY, MABSTOA, METROPOLITAN
TRANSPORTATION AUTHORITY and FRANCISCO
ALMANZAR,

Defendants.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152133/2023 |
| MOTION DATE | 03/13/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 19-28, 31-36
were read on this motion to/for _____ JUDGMENT – SUMMARY _____.

Upon the foregoing documents, it is **ORDERED** that plaintiff's motion for partial summary judgment as to liability is **GRANTED TO THE EXTENT** that partial summary judgment is granted on the issue of liability only in plaintiff's favor as against defendants New York City Transit Authority and Francisco Almanzar; and it is further

**ORDERED** that the fourth affirmative defense of the emergency doctrine is stricken; and it is further

**ORDERED** that plaintiff's motion is otherwise denied; and it is further

**ORDERED** that the parties are directed to appear for the previously scheduled, in-person, status conference in courtroom **280** at 80 Centre Street, New York, NY on **November 14, 2024** at **10:30 AM**.

In this action arising out of a motor vehicle collision between a bus and a bicyclist, plaintiff now moves for partial summary judgment in his favor as to liability. Defendants oppose the motion.

"On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action" (_Xiang Fu He v Troon Mgt., Inc._, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

**152133/2023  MYRIE, JOEL vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**                          **Page 1 of 5**
Motion No.  001

In support of his motion, plaintiff avers that, on September 7, 2022 at approximately 4:10 p.m., he was traveling southbound on a bicycle on Riverside Drive in the right lane, approaching West 145th Street with a green traffic light in his favor (Myrie aff ¶¶ 4-5 [NYSCEF Doc. No. 21]). According to plaintiff, "As I proceeded lawfully through the intersection, a bus made a sudden left turn and struck me, violently knocking me off my bicycle" (id. ¶ 6).

At his statutory hearing, plaintiff testified that he was riding a "pedal assist electric bike," which has a maximum speed of 19 miles per hour (Plaintiff's Exhibit C in support of motion, at 13, lines 23 through 14, line 10 [NYSCEF Doc. No. 25]). According to plaintiff, he was traveling between 14 to 15 miles per hour at the time of the accident (id. at 14, lines 13-14). Plaintiff testified that he was coming from home on his way to work at Kabooz's Bar and Grill at Penn Station, where he works as a restaurant manager (id. at 17, lines 9-13; at 10, lines 6-19). Plaintiff also submits video footage of the collision (see Plaintiff's Exhibit A in support of motion [NYSCEF Doc. No. 23]).[1]

Plaintiff's counsel argues that plaintiff had the right-of-way and that the bus operator failed to yield the right-of-way, which constitutes negligence per se. Plaintiff contends that Vehicle and Traffic Law § 1163 (a) was violated as well.

In its answer, defendant New York City Transit Authority admitted that it owned the bus bearing license plate number BF4139, and that it was operated by defendant Francisco Almanzar within the scope of his employment (Plaintiff's Exhibit E, answer ¶ 4 [NYSCEF Doc. No. 27]).

"Pursuant to Vehicle and Traffic Law § 1141, the operator of a vehicle intending to turn left within an intersection must yield the right-of-way to any oncoming vehicle that is within the intersection or so close to it as to constitute an immediate hazard. A violation of this statute constitutes negligence per se" (Lindo v Katz, 205 AD3d 1016, 1017 [2d Dept 2022]; see also Maysonet v Ean Holdings, LLC, 137 AD3d 517, 517 [1st Dept 2016]).

Additionally, "Vehicle and Traffic Law § 1163(a) provides that '[n]o person shall turn a vehicle at an intersection ... until such movement can be made with reasonable safety'" (Pham v Lee, 219 AD3d 601, 602 [2d Dept 2023] [citation omitted]).

Here, the video footage from the forward view of the bus shows a green light in the bus's favor, but the light is not a protected left turn signal. At 00:05, the bus begins to turn left, but at 00:06, the bus stops due to the approach of an oncoming vehicle. At 00:09, the bus then resumes the left turn, and a bicycle is seen in the distance approaching the bus, about one car length before the cross walk. As the bus is turning, plaintiff makes contact with the bus about two to three seconds thereafter.

---

[1] Plaintiff's counsel provided the video footage on a USB flash drive.

**152133/2023  MYRIE, JOEL vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No. 001**

Page 2 of 5

The video footage at 00:09 clearly establishes that the bus was turning before plaintiff was within the intersection. Thus, the question presented is whether plaintiff's bicycle was so close to the intersection so as to present an immediate hazard, which would require the bus to yield, pursuant to Vehicle and Traffic Law § 1141.

Because the contact occurred within 2-3 seconds after the bus began resuming its turn, the court finds that, as a matter of law, plaintiff's bicycle was so close to the intersection that it presented an immediate hazard, and the bus was therefore required to yield. The fact that plaintiff made contact with the bus before it completed its turn also established, prima facie, that it was not reasonably safe to make a left turn, in violation of Vehicle and Traffic Law § 1163 (a).

Plaintiff therefore met the prima facie burden of demonstrating the negligence of defendants NYCTA and Almanzar (*compare Bell v Angah,* 146 AD3d 734 [1st Dept 2017] [defendant taxi driver attempted to make a left turn and, in the process, crossed over the bicycle lane just moments before plaintiff arrived at the same spot]; *Burns v Mastroianni*, 173 AD2d 754, 755 [2d Dept 1991] [Driver who did not see plaintiff's bicycle approaching from opposite direction was negligent. Even if driver saw but disregarded the plaintiff on his bicycle, he was negligent in trying to cross in front of the plaintiff when it was hazardous to do so]).

In opposition, Almanzar states,

"Immediately prior to the subject incident occurring, I had a green light to perform a legal left-hand turn, in accordance with the Bus' usual route.

At or about the same time, a male pedestrian on an electric bicycle was traveling straight at a high rate of speed on Riverside Drive and 145th Street in New York, New York, 10031, and contacted right windshield portion of the Bus" (Defendants' Exhibit C in opposition, Almanzar Aff ¶¶ 9-10 [NYSCEF Doc. No. 34]).

Defendants therefore argue that summary judgment should be denied on the grounds that (1) there are issues of fact as to whether plaintiff complied with New York City e-bike rules (2) there is a disputed issue of fact as to whether plaintiff had struck the bus as opposed to the bus striking plaintiff; and (3) summary judgment is premature.

The court agrees with plaintiff that summary judgment is not premature, "since defendants have personal knowledge of the facts" and are thus responsible for "laying bare their proof and presenting evidence sufficient to raise a triable issue of fact" (*Thompson v Pizzaro*, 155 AD3d 423, 423 [1st Dept 2017]; *Guerrero v Milla*, 135 AD3d 635, 636 [1st Dept 2016] ["The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion"]).

**152133/2023  MYRIE, JOEL vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No.  001**

**Page 3 of 5**

3 of 5

[* 3]

Whether the bus struck plaintiff or whether plaintiff struck the bus is not a material issue warranting denial of summary judgment. It is irrelevant whether the bus struck plaintiff head on, or instead placed itself into the path of plaintiff's oncoming e-bike. In both scenarios, the bus driver failed to properly yield the right-of-way to oncoming traffic. The video footage established that, after yielding to an oncoming car, bus resumed its left turn two to three seconds before plaintiff's e-bike made contact with the bus. Thus, the bus could not have completed the turn safely without avoiding contact with plaintiff's e-bike.

Defendants' remaining arguments are unavailing. Contrary to defendants' argument, "'[a] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se'" (*Ali v Alam*, 223 AD3d 642, 644 [2d Dept 2024] [citation omitted]; *Chavis v Zorrilla*, 222 AD3d 581, 581 [1st Dept 2023]).[2] Allegations that plaintiff was not in compliance with New York City e-bike rules, or that plaintiff was traveling at a high rate of speed, raise issues of plaintiff's comparative fault. However, "plaintiff is not required to demonstrate the absence of his own comparative fault in order to obtain partial summary judgment on defendants' liability" (*Webb v New York City Tr. Auth.*, 213 AD3d 606, 607 [1st Dept 2023])

Therefore, plaintiff's motion for summary judgment in his favor as to liability is granted as to defendants NYCTA and Almanzar. To be clear, the determination of fault of defendants NYCTA and Almanzar does not include the issue of whether plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d), "which is a threshold matter separate from the issue of fault" (*Reid v Brown*, 308 AD2d 331, 332 [1st Dept 2003]).

Summary judgment dismissing the fourth affirmative defense of the emergency doctrine is also granted. Although defendants' counsel contends that "'the emergency doctrine' may operate as complete defense" (affirmation of defendants' counsel in opposition ¶ 36 [NYSCEF Doc. No. 31]), the bus operator neither states in his affidavit that he was faced with an emergency nor sets forth any circumstances from which it could be reasonably be inferred that he was faced with an emergency not of his own making (*see Caristo v Sanzone*, 96 NY2d 172, 174 [2001]).

Summary judgment against defendants MTA Bus Company, MABSTOA, Metropolitan Transportation Authority is denied, as plaintiff has not established their liability on this motion.

Summary judgment striking the first affirmative defense of plaintiff's culpable conduct is also denied. "[A] bicyclist is required to use reasonable care for his or her own safety, to keep a reasonably vigilant lookout for vehicles, and to avoid placing himself or herself into a dangerous position" (*Felix*, 178 AD3d at 563 [1st Dept 2019]).

---

[2] Defendants' contention that plaintiff's e-bike is not a motor vehicle is irrelevant. "Pursuant to Vehicle and Traffic Law § 1231, a person riding a bicycle on a roadway has the same rights and responsibilities as a driver of a motor vehicle" (*Felix v Polakoff*, 178 AD3d 561, 563 [1st Dept 2019]).

**152133/2023   MYRIE, JOEL vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**                    **Page 4 of 5**
**Motion No.  001**

"A driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection" (*Todd v Godek*, 71 AD3d 872, 872 [2d Dept 2010]).

On the record presented, the court cannot determine, as a matter of law, that plaintiff had exercised reasonable care to avoid the collision. There are unresolved questions of fact as to when plaintiff had first seen the bus in the intersection and how far the plaintiff was away from the bus at that time.

Lastly, plaintiff's counsel is reminded to retrieve the USB flash drive containing the video footage from IAS Part 21, 80 Centre Street Room 280 at the next status conference on November 14, 2024, and to preserve the video footage intact pending the outcome of any appeal of this decision and order, or if no appeal is taken, until after the time to appeal from this decision and order has expired.

20240820112215RTSAI35077D1E8ED14BCEA0EF62A97AB0A8EE

| 8/20/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **RICHARD TSAI, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152133/2023   MYRIE, JOEL vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
Motion No.  001

Page 5 of 5

5 of 5