■ DIANE ALSTON et al., Respondents, v AMERICAN TRANSIT, INC., et al., Appellants, and CCY LIMO, INC., et al., Respondents. [919 NYS2d 15]—

The record demonstrates that defendant Barcene, the driver of an ambulette, was headed south and stopped in the left lane of a two-lane avenue waiting for the traffic light to change. Immediately in front of Barcene was a double-parked truck, in a position that straddled the parking lane adjacent to the curb and extended slightly into the left traffic lane in which Barcene was waiting. When the light changed, Barcene passed the truck without having to leave the left traffic lane. Having completely passed the truck, and still driving in the left lane, Barcene's vehicle was struck on the driver's side by a cab driven by defendant Colon, which was pulling out from the curb after picking up plaintiffs as passengers.

The motion court erred in denying summary judgment to the driver and owner of the ambulette based on the representation of plaintiff Alston that the ambulette "struck the entire right side" of the cab. This allegation, even if fully credited despite physical evidence to the contrary, does not raise a triable issue of fact. Barcene, who testified without contradiction that he proceeded in the left traffic lane and did not veer from that lane, "had the right-of-way and was entitled to anticipate that

[Colon] would obey traffic laws which required [him] to yield" (*Jacino v Sugerman*, 10 AD3d 593, 595 [2004]). Alston's speculation that Barcene was speeding is insufficient to defeat the motion (*see Murchison v Incognoli*, 5 AD3d 271 [2004]). Concur—Gonzalez, P.J., Tom, Acosta, Richter and Román, JJ.