■ GEORG KREMER et al., Appellants, v SINOPIA LLC, Defendant, and ALEX WARREN, Respondent. [961 NYS2d 383]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about January 9, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiffs' cross motion for partial summary judgment on their claims of fraudulent inducement and unjust enrichment as against defendant Alex Warren and to hold Warren liable for monies owed for the inventory of plaintiff Kremer Pigments, Inc. and for goods delivered by plaintiff Kremer Pigmente GMBH & Co. KG to de-

fendant Sinopia LLC, and granted Warren's motion to dismiss those claims as against him, unanimously affirmed, without costs.

The fraudulent inducement claim fails because the allegation that plaintiff Dr. Georg Kremer justifiably relied on a pre-contractual representation by Warren is refuted by the merger/integration clause of the Stock Purchase Agreement (*see generally National Union Fire Ins. Co. of Pittsburgh, Pa. v Xerox Corp.*, 25 AD3d 309, 310 [1st Dept 2006], *lv dismissed* 7 NY3d 886 [2006]).

Plaintiffs argue that Warren breached the Stock Purchase Agreement by failing to pay for the inventory of Kremer Pigments, Inc. However, the Stock Purchase Agreement, to which Dr. Kremer and Sinopia are the only parties, requires Sinopia to deliver a note for the inventory value for which Sinopia and Warren would be jointly and severally liable. Unfortunately for plaintiffs, Sinopia failed to deliver such a note. Warren—who signed the Stock Purchase Agreement only in his capacity as managing member of Sinopia—cannot be held personally liable for Sinopia's breach (*see Georgia Malone & Co., Inc. v Rieder*, 86 AD3d 406, 408 [1st Dept 2011], *affd* 19 NY3d 511 [2012]). The complaint contains no allegations that would permit a court to pierce Sinopia's corporate veil.

Plaintiffs contend that Warren breached the Minutes Agreement (i.e., the agreement contained in the minutes of a Kremer Pigments, Inc. board meeting), which made him liable for all claims and outstanding invoices incurred "during his tenure," by failing to pay for goods delivered to Sinopia, as opposed to Kremer Pigments, Inc. However, it is clear that the tenure to which the Minutes Agreement refers is Warren's tenure as president of Kremer Pigments, Inc.

To the extent plaintiffs allege that Warren was unjustly enriched because Sinopia did not pay for all of Kremer Pigments, Inc.'s inventory and received goods from Kremer Pigmente GmbH for which it did not pay, the claim fails because, as indicated, the complaint does not contain allegations sufficient to pierce Sinopia's corporate veil. To the extent plaintiffs allege that Warren was unjustly enriched because Kremer Pigments, Inc. received goods from Kremer Pigmente GmbH for which it did not pay, the claim fails because there is a valid written agreement covering this dispute, i.e., the Minutes Agreement in which Warren agreed to be personally liable for (inter alia) the goods that Kremer Pigments, Inc. had received from Kremer Pigmente GmbH during his tenure as president of Kremer Pigments, Inc. (*see HGCD Retail Servs., LLC v 44-45 Broadway Realty Co.*, 37 AD3d 43, 54 [1st Dept 2006]).

The fact that no depositions have been taken does not render summary judgment premature, since plaintiffs failed to show that discovery might lead to facts that would support their opposition to the motion (*see e.g. Duane Morris LLP v Astor Holdings Inc.*, 61 AD3d 418 [1st Dept 2009]). Concur—Gonzalez, P.J., Tom, Richter and Abdus-Salaam, JJ.