■ Rosa A. Guerrero, Respondent, v Marleni F. Milla et al., Appellants. [24 NYS3d 63]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, J.), entered December 22, 2014, which granted plaintiff's pre-discovery motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

Plaintiff avers in support of her motion that she was driving her vehicle straight in the northbound right lane of White Plains Road, while the vehicle owned by defendant Milla and driven by defendant Nieves, with Milla as a passenger, was in the lane to her left, also traveling northbound. The accident occurred when defendants' vehicle, "without warning," attempted to merge into the right lane, striking plaintiff's vehicle. Thus, plaintiff established prima facie entitlement to partial summary judgment against defendants (*see Cascante v Kakay*, 88 AD3d 588 [1st Dept 2011]; *Flores v City of New York*, 66 AD3d 599 [1st Dept 2009]; *Zummo v Holmes*, 57 AD3d 366 [1st Dept 2008]).

In opposition, defendants failed to offer any non-negligent explanation for the accident, or to raise any triable issue as to any comparative negligence on the part of plaintiff. In their affidavits in opposition to the motion, defendants Nieves and Milla both agreed that the accident occurred when Nieves began to merge into the right lane. They both also averred that neither of them saw plaintiff's vehicle prior to the collision. Thus, both defendants, in effect, admit that defendant Nieves was negligent in violating Vehicle and Traffic Law § 1128 (a) by changing lanes when it was not safe to do so, and by failing to see that which was there to be seen. Defendant Milla's assertion that she saw a "fast moving shadow" out of the corner of her eye, just before the accident, which she "believe[d]" was plaintiff's vehicle is insufficient to raise an issue of fact regarding plaintiff speeding, as it amounts to no more than speculation (*see Alston v American Tr., Inc.*, 82 AD3d 546 [1st Dept 2011]; *Murchison v Incognoli*, 5 AD3d 271 [1st Dept 2004]).

Finally, "[d]efendan[ts'] argument that summary judgment is premature because the record is devoid of deposition testimony or 'other documentation . . . that might further illuminate the issues raised by the parties' affidavits' is unavailing. The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion" (*Flores*, 66 AD3d at 600). Concur—Mazzarelli, J.P., Acosta, Andrias and Richter, JJ.