■ JAMES MITCHELL et al., Plaintiffs, v BARRINGTON A. SMITH, Appellant, and EXCEL DEMOLITION RECYCLING et al., Respondents. [37 NYS3d 541]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered December 9, 2015, which, in this action for personal injuries sustained in a motor vehicle accident, denied the motion of defendant Barrington A. Smith for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.

Smith's vehicle was proceeding northbound in the right light lane of Interstate 95 when it was struck on the driver's side by a tractor-trailer owned by defendant Excel Demolition Recycling and operated by defendant Campusano, which was trying to enter the right lane from the middle lane. Plaintiffs were passengers in Smith's vehicle.

Smith established his prima facie entitlement to summary judgment by evidence that the tractor-trailer improperly attempted to change lanes without first ascertaining whether it was safe to do so, in violation of Vehicle and Traffic Law § 1128 (a) (see Cascante v Kakay, 88 AD3d 588 [1st Dept 2011]; Zummo

*v Holmes*, 57 AD3d 366 [1st Dept 2008]). The testimony of plaintiffs and Smith established that Smith remained in the right lane of travel at all times before the collision, that he was traveling at approximately 40-45 miles per hour, that he periodically checked his rearview mirror, and that he was not engaged in any distracting behavior. Campusano testified that as soon as he tried to move from the middle lane to the right lane, he collided with the rear driver's side of Smith's vehicle, which he did not see.

The submissions in opposition to Smith's motion failed to raise a triable issue of fact as to comparative negligence on the part of Smith (*see Guerrero v Milla*, 135 AD3d 635 [1st Dept 2016]). There is no evidence that Smith, who had the right of way, had time to react to Campusano's vehicle coming into his lane or that he was at fault in the happening of the accident. It is of no moment that plaintiff passengers, one of whom was in the rear seat, may have observed the offending truck in the middle lane at some point prior to the accident. Concur—Friedman, J.P., Andrias, Richter, Gische and Kahn, JJ.