■ 26TH LS SERIES LTD., Appellant, v AUDRIE BROOKS et al., Defendants, and GARY C. SICKLER et al., Respondents. (And Third-Party and Other Actions.) [66 NYS3d 460]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 11, 2015, which denied plaintiff's cross motion for summary judgment, unanimously affirmed, with costs.

The order appealed from is an appealable paper (CPLR 5512 [a]). The transcript of the January 26, 2015 oral argument on the cross motion was not so-ordered; however, the ruling on the cross motion was stated orally during those proceedings, and memorialized separately in the written order entered February 11, 2015 (*see Matter of Juan Alejandro R.*, 221 AD2d 183 [1st Dept 1995]; *cf. Smith v United Church of Christ*, 95 AD3d 581 [1st Dept 2012], *lv denied in part, dismissed in part* 19 NY3d 940 [2012]).

Plaintiff alleges it is successor in interest to promissory notes and associated credit agreements defendants issued in favor of HM Ruby, which obligations were secured by two life insurance policies. It alleges Ruby sold these instruments and underlying collateral to Teleios, which in turn sold them to plaintiff. Defendants contend, among other things, that because plaintiff cannot adequately show the instruments were transferred by Ruby to Teleios, plaintiff cannot establish that the notes, payable to Ruby, are enforceable by plaintiff against defendants.

On appeal, plaintiff asserts that its possession of the original promissory notes and related loan documents vests it with standing as a matter of law and, regardless of any issues concerning the chain of title, entitles it to summary judgment against defendants to enforce the notes.

Plaintiff's failure to raise this legal issue on the original cross motion does not bar this Court's review. Plaintiff emphasized its possession of the original instruments in support of its position below, and alleges no new facts to support this argument now. Under the circumstances, raising the issue for the first time on appeal does not prejudice defendants since

it is apparent on the face of the record (*see Chateau D' If Corp. v City of New York*, 219 AD2d 205 [1st Dept 1996], *lv denied* 88 NY2d 811 [1996]).

Upon consideration of the issue, we find Supreme Court properly denied plaintiff's cross motion. The notes at issue were expressly payable to Ruby, and the record includes no proof that they were endorsed in blank, or to Teleios, or plaintiff. To the extent plaintiff is in possession of the original notes and related documents, it is a nonholder in possession (UCC 1-201 [b] [21] [A]), and, to enforce the notes against defendants, must account for its possession of them by proving the transactions through which it acquired them (*see* UCC 3-201, Comment 8). Plaintiff asserts on appeal that the notes were endorsed to it after submission of the cross motion, but this cannot be confirmed on the record before us; moreover, plaintiff does not show how such belated endorsement suffices for present purposes (*see Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680 [2d Dept 2012]).

As a nonholder, it does not matter that plaintiff is in possession of the instruments now, if it cannot show Teleios acquired them from Ruby before selling them to plaintiff (*see In re DeConne*, 2015 WL 5460100, *3, 2015 US Dist LEXIS 126024, *6-8 [SD NY, Sept. 1, 2015, No. 15 CV 175 (VB)]). The court properly recognized that plaintiff had not made this showing as a matter of law, given material issues of fact as to whether or when the Ruby/Teleios transaction closed, what if any consideration may have been paid for the notes, and why new notes, payable to Teleios, were apparently not issued (*see* CPLR 3212 [b]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Cadlerock Joint Venture II, L.P. v Baddoo*, 38 Misc 3d 133[A], 2013 NY Slip Op 50053[U] [App Term, 1st Dept 2013]).

As these material factual issues concerning plaintiff's chain of title to the instruments preclude summary enforcement of the instruments in plaintiff's favor, they also necessarily preclude plaintiff's summary enforcement of its alleged security interest in the life insurance policies securing those instruments.

We have considered the parties' remaining arguments and find them unavailing. Concur—Richter, J.P., Manzanet-Daniels, Andrias, Kern and Singh, JJ.