Palau v Pagan (2021 NY Slip Op 02759)





Palau v Pagan


2021 NY Slip Op 02759


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Index No. 301507/14 Appeal No. 13744 Case No. 2020-04200 

[*1]Elizabeth Palau, Plaintiff-Appellant,
v
Jay A. Pagan et al., Defendants-Respondents.


Law Offices of Alexander Bespechny, Bronx (Louis A. Badolato of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Meredith Drucker Nolen of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered July 24, 2020, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established prima facie that the collision between their ambulance, operated by defendant Pagan, and plaintiff's vehicle was caused by plaintiff's turning left across the path of the oncoming ambulance (see Abboud v Pawelec, 141 AD3d 438 [1st Dept 2016]; Foreman v Skeif, 115 AD3d 568 [1st Dept 2014]).
In opposition, plaintiff argues that there is an issue of fact as to whether Pagan was negligent per se in entering the intersection when it was not safe for him to do so, in violation of Vehicle and Traffic Law §§ 1128(a) and 1162. Although this argument is unpreserved, we may consider it, because it is a purely legal argument that is apparent on the face of the record (see 26th LS Series Ltd. v Brooks, 156 AD3d 427, 427-428 [1st Dept 2017]). The argument is unavailing. The record contains no evidence of culpable conduct on Pagan's part. That the ambulance struck the passenger side of plaintiff's vehicle does not raise an issue of fact, because Pagan, who testified without contradiction that he proceeded north at about five miles per hour with the green light in his favor and did not veer from his lane as he entered the intersection to continue in the same direction, was entitled to anticipate that plaintiff would obey traffic laws that required her to yield to his ambulance before turning left from the southbound lane (Alston v American Tr., Inc., 82 AD3d 546, 546-547 [1st Dept 2011]).
Plaintiff's contention that Pagan may have contributed to the accident by unexpectedly moving his ambulance forward and entering the intersection when it was unsafe to do so also fails to raise an issue of fact, because it is speculation. In any event, it does not contradict the evidence that establishes that plaintiff's negligence was the sole proximate cause of the accident (see Cardona v Fiorentina, 149 AD3d 495 [1st Dept 2017]; Cascante v Kakay, 88 AD3d 588 [1st Dept 2011]).
Plaintiff's own testimony, even viewed in a light most favorable to her, establishes that it was her violation of Vehicle and Traffic Law § 1141 that caused the accident. The testimony shows that the ambulance was in the intersection, or so close to plaintiff's vehicle as to constitute an immediate hazard, when she began making the left turn and that she failed to look for oncoming vehicles after she heard the ambulance moving, despite the duty to yield the right of way to any such vehicle. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021