Montague v Shun Lee Palace Rest., Inc. (2021 NY Slip Op 05668)





Montague v Shun Lee Palace Rest., Inc.


2021 NY Slip Op 05668


Decided on October 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 19, 2021

Before: Gische, J.P., Webber, Mazzarelli, Moulton, Pitt, JJ. 


Index No. 159324/17 Appeal No. 14407 Case No. 2020-03862 

[*1]Antoinette Montague, Plaintiff-Appellant,
v
Shun Lee Palace Restaurant, Inc., et al., Defendants-Respondents.


Michael H. Zhu, PC, New York (Michael H. Zhu of counsel), for appellant.
Gallo Vitucci Klar, LLP, New York (Jae W. Joo of counsel), for respondents.



Order, Supreme Court, New York County (Frank P. Nervo, J.), entered September 16, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff made a prima facie showing of defendants' negligence by submitting their employee's testimony that while making food deliveries for defendants, he collided with pedestrian plaintiff while operating his bicycle in the wrong direction on a one-way street (see Vehicle and Traffic Law § 1127; Guerrero v Milla, 135 AD3d 635 [1st Dept 2016]). In opposition, defendants failed to raise an issue of fact by offering a nonnegligent explanation for the accident (see Guerrero, 135 AD3d at 636). Plaintiff was not required to demonstrate either her own freedom from comparative negligence or that defendants' negligence was the sole proximate cause of the accident (Simmons v Bergh, 192 AD3d 547, 548 [1st Dept 2021]). Plaintiff's detailed description of the accident provided ample evidence that defendant's negligence was a proximate cause of the accident. Any discrepancies between plaintiff's deposition testimony and her affidavit bear only on the degree, if any, of her comparative fault, and may be considered when assessing damages (see CPLR 1411; Simmons, 192 AD3d at 548).
That defendants' employee was acting in the scope of his employment when the accident happened is established by his testimony that he unintentionally ran into plaintiff as he was returning on his bicycle to defendants' restaurant to hand in receipts from his food deliveries to customers (see Cianfano v Angelina's Ristorante & Brick Oven Pizza, 161 AD3d 474 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2021