Laporta v PPC Commercial, LLC (2022 NY Slip Op 02624)

Laporta v PPC Commercial, LLC

2022 NY Slip Op 02624

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Manzanet-Daniels, J.P., Kern, Singh, Kennedy, Mendez, JJ. 

Ind No. 30930/18E 30930/18E Appeal No. 15785 Case No. 2021-02777 

[*1]Salvatore Laporta, Plaintiff-Appellant,
v
PPC Commercial, LLC, Defendant-Respondent, The Parkchester South Condominium, Inc., Defendant.

Siegel & Coonerty, LLP, New York (Steven Aripotch of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York (Paul M. Tarr of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 28, 2021, which denied plaintiff's motion for summary judgment as to liability on the Labor Law § 240(1) claim against defendant PPC Commercial, LLC, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff established prima facie that PPC is liable under Labor Law § 240(1) through plaintiff and his coworker's affidavits that the unstable eight-foot A-frame ladder, which was missing rubber feet, shifted, causing him to fall (see Garces v Windsor Plaza, LLC., 189 AD3d 539, 539 [1st Dept 2020]). It was undisputed that PPC was the owner of the property. Plaintiff also established that his work of retrofitting light fixtures was covered under § 240(1) and did not constitute mere maintenance (see Caban v Maria Estela Houses I Assoc., L.P., 63 AD3d 639, 640 [1st Dept 2009]).
We reject PPC's argument that plaintiff's motion was premature (CPLR 3212[f]). The fact that no depositions have been taken does not preclude summary judgment in plaintiff's favor, as PPC failed to show that discovery might lead to facts that would support its opposition to the motion (see Kremer v Sinopia LLC, 104 AD3d 479, 481 [1st Dept 2013]). PPC also failed to show that facts essential to its opposition were within plaintiff's exclusive knowledge (see Greca, 200 AD3d at 416). Its argument that deposition testimony might further illuminate issues raised by the affidavits is unavailing. "The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion" (Guerrero v Milla, 135 AD3d 635, 636 [1st Dept 2016] [internal quotation marks omitted]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022