Bailey v Gabrielli Truck Leasing LLC (2022 NY Slip Op 06740)

Bailey v Gabrielli Truck Leasing LLC

2022 NY Slip Op 06740

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Acosta, P.J., Kern, Singh, Scarpulla, Pitt, JJ. 

Index No. 154850/19 Appeal No. 16746 Case No. 2022-01675 

[*1]Sharon Bailey, Plaintiff-Respondent,
v
Gabrielli Truck Leasing LLC, et al., Defendants-Appellants.

Wilson Elser Moskowitz Edelman & Dicker, LLP, White Plains (Joseph A.H. McGovern of counsel), for appellants.
Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for respondent.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered December 3, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on liability against defendant Denroy Keith Duncan and dismissed defendants' affirmative defenses of comparative negligence and failure to use a seatbelt, and denied defendants Gabrielli Truck Leasing LLC and Gabrielli Holding Co. Inc.'s (together, Gabrielli defendants) motion to dismiss the complaint as against them pursuant to the Graves Amendment (49 USC § 30106[a]), unanimously affirmed, without costs.
Defendants fail to show that plaintiff's motion should have been denied as premature (see CPLR 3212[f]; Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]; see also Walsam 316, LLC v 316 Bowery Realty Corp., 190 AD3d 626, 627 [1st Dept 2021]). While the deposition of defendants' witness, defendant driver Duncan, remains outstanding, defendants fail to show diligence in locating Duncan. Defense counsel does not explain Duncan's months-long failure to respond to counsel's emails, nor does counsel detail his efforts to locate Duncan. Defendants' assertion that Duncan might appear for a future deposition is speculative and vague.
The court properly granted plaintiff summary judgment as to liability against Duncan because the evidence established that he was negligent and violated Vehicle and Traffic Law § 1160(c) (see Palau v Pagan, 194 AD3d 425, 425 [1st Dept 2021]). It is uncontested that Duncan, attempting to make a left turn, drove a tractor-trailer from the outside right lane into plaintiff's left lane, colliding with her vehicle.
The affirmative defense of failure to use the vehicle's safety device, i.e., a seatbelt, was properly dismissed. Plaintiff's unrefuted testimony was that she was wearing a seatbelt at the time of the accident.
The Gabrielli defendants failed to show as a matter of law that the complaint should be dismissed against them under the Graves Amendment, as they solely relied on the affidavit of defendant Gabrielli Truck Leasing's (Leasing) manager, Ralph Rotella, and the rental agreement between Leasing and defendant Atlas Transport & Logistics Group LLC. Rotella's affidavit is not sufficient documentary evidence to support the motion to dismiss under CPLR 3211(a)(1) (see Bou v Llamoza, 173 AD3d 575, 575 [1st Dept 2019]). Moreover, the rental agreement did not offer any evidence on either the trailer's ownership or the applicability of the Graves Amendment to the trailer (see e.g. Cioffi v S.M. Foods, Inc., 178 AD3d 1006, 1012-1013 [2d Dept 2019]; see also Bou, 173 AD3d at 576).
In addition, the Gabrielli defendants were not entitled to dismissal of the complaint against Gabrielli Holding (Holding), because Rotella, an officer of Leasing, failed to provide an evidentiary basis for his conclusory statements that Holding and Leasing were separate entities and that Holding had no connection [*2]to the tractor driven by Duncan. We note that Rotella did not aver that he had personal knowledge of Holding or that he reviewed Holding's records.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022