Calderon v Calise (2023 NY Slip Op 01229)

Calderon v Calise

2023 NY Slip Op 01229

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Webber, J.P., Kern, Oing, Friedman, González, JJ. 

Index No. 23638/20E Appeal No. 17468 Case No. 2022-00394 

[*1]Umberto Calderon, Plaintiff-Appellant,
v
Brian Calise et al., Defendants-Respondents, Sarina Calderon et al., Defendants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Law Office of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato. J.), entered January 21, 2022, which, to the extent appealed from, granted the cross motion of defendants Brian Calise and Casa Redimix Concrete Corporation for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.
Brian Calise and Casa Redimix established their entitlement to summary judgment by submitting the dashcam video, which plaintiff concedes told the "entire story of how this [collision] occurred." The video demonstrated that defendant Sarina Calderon was the sole proximate cause of the collision, and showed no negligence by defendant Calise (see Palau v Pagan, 194 AD3d 425, 426 [1st Dept 2021]). Although plaintiff asserts that Calise waved Calderon's vehicle into his lane, Calderon submitted an affidavit that does not support plaintiff's assertion, and the record presents no other evidence supporting plaintiff's version of the events (see Mitchell v Smith, 142 AD3d 861, 862 [1st Dept 2016]).
We reject plaintiff's argument regarding the emergency doctrine, as the court did not rely on that doctrine in making its determination. In any event, plaintiff's speculation that defendant might have avoided the collision had he taken a particular evasive action does not raise a triable issue of fact, especially because defendant had at most a few seconds to react (see Rooney v Madison, 134 AD3d 634, 634-635 [1st Dept 2015], lv denied 27 NY3d 911 [2016]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023