Chavis v Zorrilla (2023 NY Slip Op 06802)

Chavis v Zorrilla

2023 NY Slip Op 06802

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Kern, J.P., Oing, Gesmer, Moulton, Mendez, JJ. 

Index No. 801548/21 Appeal No. 1313 Case No. 2023-00879 

[*1]Mallory Chavis, Plaintiff-Appellant,
v
Luis Miguel Zorrilla et al., Defendants-Respondents.

William Schwitzer & Associates, P.C., New York (Travis K. Wong of counsel), for appellant.
Cullen & Dykman, LLP, New York (Nicholas M. Cardascia of counsel), for respondents.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered December 20,2022, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants made a prima facie showing of entitlement to summary judgment by submitting the parties' deposition testimony indicating that the accident occurred when plaintiff pulled out of a parked position and into a lane of moving traffic (see Vehicle and Traffic Law §§ 1162, 1163[a]; Flores v City of New York, 66 AD3d 599, 599 [1st Dept 2009]; Zummo v Holmes, 57 AD3d 366 [1st Dept 2008]). Plaintiff had a duty not to enter a lane of moving traffic until it was safe to do so, and her failure to heed this duty constitutes negligence per se (see Sanchez v Oxcin, 157 AD3d 561, 563-564 [1st Dept 2018]). Plaintiff does not dispute that the accident occurred when she pulled out of a parking spot into defendant Zorrilla's lane of traffic. Her attempt to maneuver her vehicle into traffic before she could do so safely violated Vehicle and Traffic Law §§ 1162 and 1163, which constituted negligence per se (see Davis v Turner, 132 AD3d 603, 603 [1st Dept 2015]). In the absence of any evidence that Zorrilla was speeding, plaintiff's deposition testimony that she checked her rearview mirror as she maneuvered her vehicle from its parking space into traffic, and that she moved the "head" of her vehicle into Zorrilla's lane of travel before the impact occurred does not create an issue of fact, given her failure to obey the traffic laws that required her to yield the right of way to defendants' box truck (see Ramroop v Stein, 204 AD3d 452 [1st Dept 2022]).
Although a driver may still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle under the doctrine of comparative negligence (see Nevarez v S.R.M. Mgt. Corp., 58 AD3d 295, 298 [1st Dept 2008]), plaintiff failed to raise a triable material issue of fact as to Zorrilla's comparative negligence because there was no evidence of any culpable conduct on his part (see Palau v Pagan, 194 AD3d 425, 426 [1st Dept 2021]). The alleged discrepancies in the parties' deposition testimony regarding whether plaintiff honked her horn or how far her vehicle entered the traffic lane before the collision are not material facts given that defendants demonstrated that her violations of Vehicle and Traffic Law §§ 1162 and 1163 caused the accident.
According to his undisputed deposition testimony Zorrilla was traveling less than five miles per hour at the time of the collision. Additionally, the photographs marked at plaintiff's deposition show the position of the vehicles at the time of the accident and corroborate the other evidence that plaintiff's actions were the sole cause of the accident. The photographs and plaintiff's testimony establish that the front of plaintiff's vehicle was about halfway over the white line demarking the parking lane of the avenue when [*2]her front bumper collided with the rear portion of the front passenger wheel well of defendants' box truck, which was completely within the traffic lane when the impact occurred. As the operator with the right-of-way, Zorrilla was entitled to anticipate that plaintiff would obey traffic laws that required her to yield (see Samnath v Lifespire Servs., Inc., 204 AD3d 554, 555 [1st Dept 2022]; Alston v American Tr., Inc., 82 AD3d 546, 546-547 [1st Dept 2011]).
Plaintiff's argument that Zorrilla may have contributed to the accident by not maintaining a good lookout and using due care while operating defendants' box truck is unavailing. The affirmation by her counsel, who had no personal knowledge of the accident, was insufficient to raise an issue of fact as to whether Zorrilla was comparatively negligent (see Dinham v Wagner, 48 AD3d 349, 350 [1st Dept 2008]). Zorrilla's testimony that he did not see plaintiff's vehicle before the impact does not raise a triable issue of fact as to whether he failed to see what there was to be seen through the proper use of his senses and to use reasonable care to avoid the collision, as the evidence establishes that the box truck's passenger front wheel was passing her vehicle when her front driver's side bumper collided with his truck.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023