| **Smith v City of New York** |
|:---:|
| 2024 NY Slip Op 34152(U) |
| November 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158120/2022 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. HASA A. KINGO** | PART **05M** |
| *Justice* | |

---------------------------------------------------------------------X

SAMUEL SMITH,

          Plaintiff,

       - v -

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF TRANSPORTATION, NEW YORK CITY DEPARTMENT
OF SANITATION, VALDREE MANLEY

          Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158120/2022 |
| MOTION DATE | 10/04/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18

were read on this motion for       SUMMARY JUDGMENT       .

  Upon the foregoing documents, Plaintiff Samuel Smith ("Plaintiff") moves pursuant to CPLR § 3212 for summary judgment on liability and to dismiss the affirmative defense of culpable conduct pursuant to CPLR § 3211(b). Defendants the City of New York, the New York City Department of Transportation, the New York City Department of Sanitation, and Valdree Manley (collectively identified as "Defendants") partially oppose the motion. For the reasons stated herein Plaintiff's motion is granted.

## BACKGROUND

  On August 20, 2021, Plaintiff was involved in an automobile accident on Madison Avenue near its intersection with East 135th Street (NYSCEF Doc No. 14, Lasen affirmation ¶ 3). Plaintiff was driving northbound in the middle lane, when a New York City Department of Sanitation truck operated by Valdree Manley ("Manley"), merged into Plaintiff's lane and struck the driver's side of Plaintiff's vehicle (*id*. ¶ 9). As a result of the impact, Plaintiff's vehicle was pushed into another vehicle that was driving in the lane to the east of Plaintiff (*id*. ¶ 10). Plaintiff commenced this action on September 22, 2022 to recover for the damages he sustained as a result of the collision (*id*. ¶ 4). Defendants joined issue by service of their answer and amended answer on November 21, 2022 and February 3, 2023 respectively (*id*. ¶¶ 5, 6). On March 3, 2022 Plaintiff appeared for a hearing pursuant to General Municipal Law § 50-h (*id*. ¶ 7). On October 4, 2024, Plaintiff filed the instant motion (NYSCEF Doc No. 13).

  Plaintiff argues that he is entitled to summary judgment because Defendants' vehicle entered Plaintiff's lane when it was not safe to do so and Defendants are thus negligent as a matter of law (NYSCEF Doc No. 14, Lasen affirmation ¶ 13). Plaintiff contends that Defendants violated Vehicle and Traffic Law § 1128(a) by entering Plaintiff's lane and striking his vehicle (*id*. ¶¶ 16-

[* 1]

8). Plaintiff testified that after the accident Manley apologized and admitted that when he merged into Plaintiff's lane, he did not see Plaintiff's vehicle (*id.* ¶ 11). Plaintiff also contends that Defendants' affirmative defense of culpable conduct should be dismissed because Plaintiff is free from fault and was entitled to anticipate that Manley would obey the traffic laws regarding lane changes (*id.* ¶¶ 26). Plaintiff proffers testimony in support of the motion.

Defendants partially oppose Plaintiff's motion. Specifically, Defendants "take no position" on the issue of fault and instead argue that Plaintiff has not met his burden of demonstrating a serious injury within the meaning of Insurance Law § 5102(d) (NYSCEF Doc No. 16, Bila affirmation ¶¶ 4, 6). Defendants also argue that discovery has not been conducted and Plaintiff has not otherwise demonstrated a causal link between the collision and his injuries (*id.* ¶ 4).

In reply, Plaintiff argues that Defendants concede that they are at fault for the happening of the subject accident, and the remainder of their opposition is moot because Plaintiff did not move for summary judgment on damages (NYSCEF Doc No. 18, Becker affirmation ¶¶ 3, 4).

## DISCUSSION

Pursuant to CPLR § 3212(b), a motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the Court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers and Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013] [internal quotation marks and citation omitted]). Upon a proffer of evidence establishing a prima facie case by the movant, the party opposing a motion for summary judgment bears the burden of producing evidentiary proof in admissible form sufficient to necessitate a trial of material questions of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). For an issue of fact to be considered "material," it must be genuine, bona fide, and substantial enough to require a trial (*Leumi Financial Corp. v Richter*, 24 AD2d 855 [1st Dept 1965]). A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where issues of credibility exist (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010]). However, "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to overcome a motion for summary judgment (*Zuckerman*, 49 NY2d at 562, *supra*).

A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (*Fernandez v Ortiz*, 183 AD3d 443, 443-444 [1st Dept 2020]). The Vehicle and Traffic Law imposes certain duties on drivers, which are applicable for the purposes of establishing negligence, and a party's violation of the Vehicle and Traffic Law constitutes negligence per se [*Davis v Turner*, 132 AD3d 603, 603 [1st Dept 2015]; *Delgado v Martinez Fam. Auto*, 113 AD3d 426, 427 [1st Dept 2014] ["A violation of traffic law, absent an excuse, constitutes negligence"]).

Section 1128(a) of the Vehicle and Traffic Law regulates lane changes and provides that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety" (Vehicle and Traffic Law § 1128[a]). A driver who strikes another vehicle while changing lanes has not done so safely, and is in violation of Vehicle and Traffic Law 1128(a) (*Mora v Branker*, 223 AD3d 624, 625 [1st Dept 2024] ["Plaintiff demonstrated prima facie that he was entitled to partial summary judgment on liability because the evidence established that plaintiff was lawfully driving his vehicle eastbound in the middle lane [. . .] when he was struck by [. . .] defendant driver, who was merging from the right lane into the middle lane"]; *Guerrero v Milla*, 135 AD3d 635, 636 [1st Dept 2016] ["plaintiff established prima facie entitlement to partial summary judgment against defendants" by submitting evidence that "the accident occurred when defendants' vehicle, 'without warning,' attempted to merge into the right lane, striking plaintiff's vehicle"]). A driver has a duty "to see what was there to be seen," including the vehicles in other lanes (*Steigelman v Transervice Lease Corp.*, 145 AD3d 439, 440 [1st Dept 2016]).

Here, Plaintiff demonstrated his entitlement to partial summary judgment on liability by tendering evidence that Manley struck Plaintiff's vehicle while attempting to merge into Plaintiff's lane. Defendants do not dispute Plaintiff's version of events, including the testimony that Manley stated, "I swear I didn't see you." Further, Defendants failed to provide a nonnegligent reason for the collision (see *McDaniel v Codi Transp., Ltd.*, 149 AD3d 595, 595–96 [1st Dept 2017] ["In opposition, defendants submitted no evidence of a nonnegligent explanation for the accident, and their 'arguments about how plaintiff driver may have contributed to the accident, or been able to avoid it, are speculative,' and therefore insufficient to raise an issue of fact"]). As such, Defendants failed to raise an issue of fact. Defendants' argument that discovery has not been exchanged is unavailing. Depositions are "unnecessary" where defendants have personal knowledge of the relevant facts and "the mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion" (*Guerrero*, 135 AD3d at 636; see *Thompson v Pizzaro*, 155 AD3d 423, 423 [1st Dept 2017] ["Depositions are unnecessary, since defendants have personal knowledge of the facts, yet 'failed to meet their obligation of laying bare their proof and presenting evidence sufficient to raise a triable issue of fact'"]). Here, Manley possesses personal knowledge of the relevant facts yet failed to provide an affidavit in support of the partial opposition (*Delgado*, 113 AD3d at 427 ["The contention [. . .] that plaintiff's motion should be denied merely because defendants have not been deposed is unconvincing as Delacruz, who possesses personal knowledge of the relevant facts, did not provide an affidavit"]). Finally, Plaintiff commenced this action in 2022, affording Defendants ample time to conduct discovery. Accordingly, in the absence of a material issue of fact, Plaintiff's motion for summary judgment on liability is granted.

Next, Plaintiff contends that he is entitled to dismissal of the Defendants' affirmative defenses alleging culpable conduct because he is free from fault for the happening of the subject accident. Plaintiff testified that at all times he was traveling northbound in the middle lane when Manley crossed over into his lane and collided with his vehicle. The evidence submitted in support of the motion demonstrates that Plaintiff was not at fault (*Mora*, 223 AD3d at 625 ["the court properly dismissed defendants' affirmative defenses of comparative fault" where "plaintiff testified that at all times he was traveling in the middle lane"]). Defendants have not identified any

158120/2022   SMITH, SAMUEL vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 3 of 4

3 of 4

[* 3]

evidence that Plaintiff, who was within his lane of traffic, was comparatively negligent. Accordingly, Plaintiff's motion to dismiss Defendants' affirmative defense of culpable conduct is granted.

Therefore it is

ORDERED that Plaintiff's motion is granted with regard to liability; and it is further

ORDERED that Plaintiff's motion is granted with regard to the affirmative defense of culpable conduct, and it is further

ORDERED that the Clerk of the Court is directed to set this matter down for a preliminary conference in the DCM Part on the next available date, to set a discovery schedule on the issue of damages and serious injury; and it is further

ORDERED that a virtual settlement conference for this matter shall be held on January 15, 2025 at 2:30 p.m. (link to be provided); and it is further

ORDERED that Plaintiff shall, within 20 days from entry of this order, serve a copy of this order with notice of entry upon counsel for all parties hereto and upon the Clerk of the General Clerk's Office and shall serve and file with said Clerk a note of issue and statement of readiness and shall pay the fee therefor, and said Clerk shall cause the matter to be placed upon the calendar for such trial before the undersigned; and it is further

ORDERED that such service upon the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website)].

This constitutes the decision and order of the court.

**11/26/2024**
**DATE**

2024112616140BHKING06D3 X3545D4098A8735677A3EA7738

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158120/2022   SMITH, SAMUEL vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 4 of 4**