Walcott v Wheels Inc. (2025 NY Slip Op 01073)

Walcott v Wheels Inc.

2025 NY Slip Op 01073

Decided on February 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 25, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 160974/20|Appeal No. 3897|Case No. 2023-06461|

[*1]Corey Walcott, Plaintiff-Respondent,
v
Wheels Inc., et al., Defendants-Appellants.

The Law Office of Eric D. Feldman, New York (Evy L. Kazansky of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York (Oliver R. Tobias of counsel), for respondent.

Order, Supreme Court, New York County (James G. Clynes, J.), entered December 8, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability as against defendants Rafael Mercado and Carl Zeiss, Inc., and to strike defendants' affirmative defense of culpable conduct, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to partial summary judgment against defendants Mercado and Zeiss through his testimony that, while he was driving his moped wholly within the right lane of traffic, he was struck by a minivan, leased by Zeiss and driven by Mercado, as it attempted to merge into his lane of traffic from the left (see Silverio v Ford Motor Co., 168 AD3d 608, 609 [1st Dept 2019]). Mercado also testified that the accident occurred when he began to merge into the right lane and that he never saw plaintiff's vehicle prior to the collision. Thus, Mercado, "in effect, admit[ed] that [he] was negligent in violating Vehicle and Traffic Law § 1128(a) by changing lanes when it was not safe to do so, and by failing to see that which was there to be seen" (Guerrero v Milla, 135 AD3d 635, 636 [1st Dept 2016]; see Mitchell v Smith, 142 AD3d 861, 862 [1st Dept 2016]).
In opposition, defendants failed to provide a nonnegligent explanation for the accident. Their speculative assertion that the accident could have been caused by plaintiff trying to squeeze between the bus in front of him as it was turning out of his lane and Mercado's minivan as it was merging into his lane, was not supported by the record and insufficient to rebut the presumption of Mercado's negligence (see Estate of Bachman v Hong, 169 AD3d 436, 437 [1st Dept 2019]). Plaintiff, as the driver with the right-of-way, was entitled to anticipate that Mercado would obey the traffic laws that required him to yield (see Flores v City of New York, 66 AD3d 599, 600 [1st Dept 2009]), and there is no evidence that plaintiff "had time to react to [Mercado]'s vehicle coming into his lane" (Mitchell, 142 AD3d at 862).
Because the record bears "no indication that plaintiff. . . contributed in any way to the accident" (Flores, 66 AD3d at 599), the affirmative defense based on his culpable conduct was properly dismissed (see e.g. Stephenson v New York City Tr. Auth., 226 AD3d 546, 547 [1st Dept 2024]; Ferreira v E-J Elec. Installation Co., 220 AD3d 617, 617 [1st Dept 2023]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2025