Baxter v Gosh (2025 NY Slip Op 05143)

Baxter v Gosh

2025 NY Slip Op 05143

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Scarpulla, J.P., Friedman, González, Shulman, Rosado, JJ. 

Index No. 809767/24|Appeal No. 4766|Case No. 2025-02493|

[*1]Charles Baxter, Plaintiff-Appellant,
v
Babu Gosh, Defendant-Respondent.

The Sullivan Law Firm, New York (James A. Domini of counsel), for appellant.
Marjorie E. Bornes, Freeport, for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered April 21, 2025, which denied plaintiff's motion for summary judgment on the issue of liability and to dismiss defendant's affirmative defense of comparative fault and culpable conduct, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff demonstrated prima facie entitlement to summary judgment by demonstrating that defendant "was negligent in violating Vehicle and Traffic Law § 1128(a) by changing lanes when it was not safe to do so" (Guerrero v Milla, 135 AD3d 635, 636 [1st Dept 2016]), and that defendant's "failure to obey the traffic laws that required [him] to yield the right of way" to plaintiff was the sole proximate cause of the collision (Chavis v Zorrilla, 222 AD3d 581, 582 [1st Dept 2023]; see also Silverio v Ford Motor Co., 168 AD3d 608, 609 [1st Dept 2019]). Plaintiff's unrefuted affidavit stated that plaintiff was driving in the left lane of traffic when defendant, who was driving in the right lane of traffic, attempted to merge into plaintiff's lane without signaling, striking plaintiff (see Walcott v Wheels Inc., 235 AD3d 567, 568 [1st Dept 2025]; Guerrero, 135 AD3d at 636). Plaintiff's affidavit also established that defendant turned into plaintiff's lane so suddenly that plaintiff was unable to take any action to avoid the collision (see Walcott, 235 AD3d at 568; Mitchell v Smith, 142 AD3d 861, 862 [1st Dept 2016]). Plaintiff was not required to establish the absence of comparative negligence on his part to be entitled to summary judgment on liability (see Rodiguez v City of New York, 31 NY3d 312 [2018]; Vasquez v Strickland, 211 AD3d 414, 414 [1st Dept 2022]).
In opposition, defendant failed to provide a nonnegligent explanation for the collision. Defendant did not "submit any affidavit or other evidence concerning how the accident occurred that would raise an issue of fact" (Estate of Bachman v Hong, 169 AD3d 436, 437 [1st Dept 2019]), and "[t]he affirmation by [his] counsel, who had no personal knowledge of the accident, was insufficient" to rebut the presumption of defendant's negligence (Chavis, 222 AD3d at 582; see also Thompson v Pizzaro, 155 AD3d 423, 423 [1st Dept 2017]).
Plaintiff's motion was not premature because information as to why defendant's vehicle struck plaintiff's vehicle was within defendant's own knowledge (see Stephenson v New York City Tr. Auth., 226 AD3d 546, 546-547 [1st Dept 2024]; see also Reyes v Gropper, 212 AD3d 565, 565 [1st Dept 2023]). Defendant's argument that the motion was premature due to the lack of depositions, without more, is unavailing (see Rivera v City of New York, 210 AD3d 544, 545 [1st Dept 2022]).
Because plaintiff established his own absence of negligence, and defendant failed to submit any evidence sufficient to raise an issue of fact as to plaintiff's culpable conduct, the affirmative defense of comparative fault and contributory negligence should have been dismissed (see Stephenson, 226 AD3d at 547; see also Walcott, 235 AD3d at 568).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025