Saquicela-Villa v City of New York (2026 NY Slip Op 01293)

Saquicela-Villa v City of New York

2026 NY Slip Op 01293

Decided on March 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2026

Before: Moulton, J.P., Pitt-Burke, O'Neill Levy, Michael, Chan, JJ. 

Index No. 806091/23|Appeal No. 5999|Case No. 2024-04833|

[*1]Lauro Saquicela-Villa, Plaintiff-Respondent,
vThe City of New York et al., Defendants-Appellants.

Milber Makris Plousadis & Seidel, LLP, Purchase (Michael C. Troiano of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered July 16, 2024, which granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, unanimously affirmed, without costs.
The court properly granted plaintiff partial summary judgment on his Labor Law § 240(1) claim. Plaintiff submitted evidence establishing that he fell from an elevated scaffold that was shaky and unstable and had no guardrails, no anchoring points allowing him to tie himself off, no hoists, and no other equipment to assist him and his coworkers in handing down wooden slabs to different levels as they dismantled the scaffold. These facts demonstrate violations of Labor Law § 240(1) that proximately caused plaintiff's injuries (see Quiroz v Memorial Hosp. for Cancer & Allied Diseases, 202 AD3d 601, 605 [1st Dept 2022]; Navarro v Joy Constr. Corp., 241 AD3d 446, 447 [1st Dept 2025], lv dismissed 44 NY3d 1048 [2026]).
Defendants contend that they had a standing order that workers remove or "bend in" protruding nails from wooden slabs before handing down the slabs, that workers did not follow that policy on the day of the accident, and that a protruding nail from one of the slabs snagged plaintiff's clothing, causing him to fall from the scaffolding. However, any differences in the parties' theories of what caused plaintiff's accident are irrelevant because defendants are liable under any of these versions of the accident (see Gutierrez v 610 Lexington Prop., LLC, 179 AD3d 513, 513 [1st Dept 2020]). Even assuming that defendants' theory is correct, plaintiff cannot be said, as a matter of law, to have been the sole proximate cause of the accident (see Wilson v AC 320 Hotel Partners LLC, 238 AD3d 581, 582 [1st Dept 2025]), and comparative negligence is not a defense to a Labor Law § 240(1) claim (see Mayorquin v Carriage House Owner's Corp., 202 AD3d 541, 542 [1st Dept 2022]).
Defendants' argument that summary judgment is premature because the motion was made before any depositions had been conducted is unavailing. "The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion" (Guerrero v Milla, 135 AD3d 635, 636 [1st Dept 2016]). Defendants had opportunities to elicit testimony to support their defenses when they prepared affidavits for each of plaintiff's coworkers
(see Blacio v Related Constr. LLC, 226 AD3d 499, 500 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2026