Adames v Galaxy Gen. Contr. Corp.

2026 NY Slip Op 03054

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Maria Adames, Plaintiff-Appellant,

v

Galaxy General Contracting Corp., et al., Defendants-Respondents. Consolidated Edison, Inc., et al., Defendants.

Decided and Entered: May 14, 2026

Index No. 802231/23|Appeal No. 6612|Case No. 2025-00235|

Before: Webber, J.P., González, Pitt-Burke, Higgitt, Hagler, JJ.

Kenneth J. Gorman, New York, for appellant.

Chartwell Law, New York (Anna Schuelein of counsel), for Galaxy General Contracting Corp., respondent.

[*1]

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered December 24, 2024, which, to the extent appealed from, granted defendant Galaxy General Contracting Corp.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

To the extent plaintiff argues that summary judgment was premature because discovery had not yet commenced, the position is unavailing because she failed to demonstrate that facts might be ultimately disclosed which would support her opposition to the motion (see Kremer v Sinopia LLC, 104 AD3d 479, 481 [1st Dept 2013]).

Galaxy met its prima facie burden as to summary judgment. Plaintiff's argument that the affidavit of Galaxy's Vice President was not based on personal knowledge was not raised below, depriving Galaxy of an opportunity to cure the defect, and so the issue is unpreserved (see 27 W. 72nd St. Note Buyer LLC v Terzi, 194 AD3d 630, 631 [1st Dept 2021], lv denied 37 NY3d 913 [2021]). In any event, the affidavit was sufficient to shift the burden on summary judgment to plaintiff, since it cross-referenced New York City Department of Transportation work permits issued to Galaxy in connection with roadwork performed adjacent to Galaxy's property. That work was confined to a separate segment of Third Avenue from where plaintiff fell.

In opposition, plaintiff failed to raise a triable issue of fact. Her theory that work performed in one area could have caused a defect in the roadway in a different area two years later "amounts to no more than speculation" (Guerrero v Milla, 135 AD3d 635, 636 [1st Dept 2016]). Moreover, the HIQA inspection report she submitted in opposition to Galaxy's motion only reaffirmed Galaxy's entitlement to summary judgment. The work that Galaxy was directed to perform related to certain road conditions caused by the permitted work, passed DOT inspection roughly two years before plaintiff's accident.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026