Altieri v Hyl
2026 NY Slip Op 03221
May 21, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Juan Altieri, Plaintiff-Respondent,
v
Keith Hyl et al., Defendants-Appellants. Nasreldin Ghoniem et al., Defendants-Respondents.

Decided and Entered: May 21, 2026
Index No. 157681/21|Appeal No. 6682|Case No. 2025-02251|
Before: Kennedy, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ.

Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka, Robert Whitbeck and Kevin Faley of counsel), for appellants.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for Juan Altieri, respondent.

[*1]
Order, Supreme Court, New York County (Christopher Chin, J.), entered on or about March 21, 2025, which denied the motion of defendants Consolidated Edison Company of New York, Inc. (Con Ed.) and Keith Hyl for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint and cross-claims as against moving defendants dismissed.
Plaintiff Juan Altieri was a passenger in a taxicab driven by defendant Nasreldin Ghoniem and owned by defendant 4S Cab Corp., when the taxi collided with a box truck driven by defendant Keith Hyl and owned by his employer, defendant Con Ed. Defendants established prima facie entitlement to summary judgment by demonstrating that Ghoniem violated various sections of the Vehicle and Traffic Law by attempting a left turn from a lane designated for straight travel, thereby failing to safely yield and merge, and cutting off the Con Ed truck, which was in the left turn lane (see Vehicle and Traffic Law §§ 1128 [a], 1160 [d], 1163 [a]-[b]; Chavis v Zorrilla, 222 AD3d 581, 581 [1st Dept 2023]). Gohniem's unsafe maneuver was the sole proximate cause of the collision (see Baxter v Gosh, 241 AD3d 1144, 1144-1145 [1st Dept 2025]; Guerrero v Milla, 135 AD3d 635, 636 [1st Dept 2016]). There is no evidence that Hyl failed "to see that which was there to be seen" (Walcott v Wheels Inc., 235 AD3d 567, 568 [1st Dept 2025] [internal quotation marks omitted]).
In opposition, plaintiff failed to raise a genuine issue of fact. His argument that the taxi moved safely into the left lane and was stopped for at least one or two seconds before being struck by the Con Ed truck is unpreserved and unsupported by the record. The testimony submitted showed that the taxi improperly turned left from the middle lane, not that it was in the turning lane before the impact (see Woods v Harris-Camden Term. Equip. Inc., 223 AD3d 505, 507 [1st Dept 2024]). Under the circumstances, the fact that the Con Ed vehicle may have struck part of the rear of the taxicab is not a bar to dismissal of the complaint. The evidence submitted demonstrated that Hyl had only seconds to react (see Alcantara v Toro, 238 AD3d 535, 536 [1st Dept 2025]).
In light of the foregoing, it is unnecessary to consider the applicability of the emergency doctrine.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 21, 2026