Torres v Occhino
2026 NY Slip Op 03412
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Kenya Torres, Plaintiff-Appellant,
v
Anthony L. Occhino et al., Defendants-Respondents.

Decided and Entered: June 02, 2026
Index No. 154184/23|Appeal No. 6761|Case No. 2025-03889|
Before: Moulton, J.P., Kapnick, GonzáLez, Shulman, Chan, JJ.

Aviles Law, PLLC, New York (Natascia Ayers of counsel), for appellant.
Pillinger Miller Tarallo LLP, Elmsford (Donna M. Brautigam of counsel), for Anthony L. Occhino, respondent.

[*1]
Order, Supreme Court, New York County (Christopher Chin, J.), entered June 17, 2025, which, insofar as appealed from, denied so much of plaintiff's motion for summary judgment as sought dismissal of defendants' first affirmative defense based on comparative negligence, unanimously reversed, on the law, without costs, and the motion granted.
The evidence establishes that the accident in which defendant Occhino made a left turn from a parking lot exit into the flow of traffic and hit the rear driver's side door of plaintiff's vehicle, which was driving past the parking lot exit with the right-of-way, could only have been caused by Occhino's ill-timed or sudden turn. Accordingly, plaintiff's deposition testimony that she did not look left and did not see Occhino's vehicle before it struck hers does not create an issue of fact with respect to whether she was comparatively negligent (see Chavis v Zorrilla, 222 AD3d 581, 582 [1st Dept 2023]; Namisnak v Martin, 244 AD2d 258, 259-60 [1st Dept 1997]; see also Limardi v McLeod, 100 AD3d 1375, 1376 [4th Dept 2012]).
Occhino's deposition testimony that plaintiff's vehicle was "weaving" does not raise an issue of fact. This testimony was flatly contradicted by multiple prior statements in his deposition that he never saw plaintiff's vehicle until just before the point of impact. His observation that plaintiff's vehicle was "weaving" was plainly incredible on its face. Indeed, this is one of the rare instances in which credibility can properly be determined as a matter of law from the face of the summary judgment record (see Carthen v Sherman, 169 AD3d 416, 417 [1st Dept 2019]).
Furthermore, that plaintiff was driving without a proper driver's license does not provide a basis for finding an issue of fact as to comparative negligence (see Huff v Rodriguez, 88 AD3d 1274, 1275 [4th Dept 2011], lv dismissed 18 NY3d 869 [2012], lv denied 18 NY3d 919 [2012]["the absence or possession of a driver's license is not relevant to the issue of negligence"]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026